# Hayman's Appeal.

1. A.'s land was ordered to be sold. H. just before the sale agreed with A.'s minor children to buy it for them; he was at the sale with the minors and stated publicly he wanted to buy for them; it was struck down to him and he announced to the minors that he had bought for them. The deed was made to H. Some time previously to the sale, at the minors' request, H. agreed to be their guardian and was afterwards appointed. He sold the land at an advance. *Held*, that H. was chargeable in his guardian account with the advance.

2. H. at and before the sale and up to his appointment, stood in a fiduciary relation to the minors.

May 11th 1870.    Before Thompson, C. J., Read, Agnew and Sharswood, JJ.

Appeal from the decree of the Orphans' Court of *Somerset county*: No. 72, to May Term 1870.

Francis Hayman, guardian, &c., of Henry Alburn and William Alburn, minor children of Charles Alburn, deceased, on the 25th March 1869, upon citation, filed his account as guardian of Henry, who had attained full age.    Exceptions were filed to the account, viz., that the guardian should be charged with the increase on the sale of certain real estate of the decedent purchased by him at an Orphans' Court sale before he became guardian, and that he should not be credited with the costs of the citation.    The whole case is so fully stated in the opinion of Mr. Justice Read, that any further statement is unnecessary.    The matter was referred to H. L. Baer, Esq., who sustained the exceptions, and charged the accountant with the costs of the audit. The guardian filed these exceptions:

" 1.    The counsel for the said Francis Hayman pray the court to dismiss the proceedings in this case for the reason that they are not cognisable by this court.

" 2.    The auditor finds as facts: first, that Francis Hayman pur-

15 P. F. Smith—28

chased the land which in part forms the subject of controversy, from the administrator of Charles Alburn, òn the 7th January 1865, for $700, and that a deed was made to Francis Hayman for the premises. He also finds that Francis Hayman was appointed guardian of Henry and William Alburn on the 24th April 1865, months after the purchase and date of the deed.

"3. The purchase not having been made whilst he was guardian, and the purchase-money having been paid out of his own pocket, the Orphans' Court have no jurisdiction of the subject.

"4. If this case comes within the class of resulting trusts known to the laws of Pennsylvania, the remedy of the said Henry and William is in the Common Pleas, and by ejectment."

The Orphans' Court confirmed the report. Hayman appealed to the Supreme Court, and assigned the decree of confirmation for error.

*F. W. Kimmell* (with whom were *J. H. Uhl* and *A. J. Colborn*), for appellant, cited Kisler *v.* Kisler, 2 Watts 323; Barnet *v.* Dougherty, 8 Casey 371; Davis's Appeal, 10 P. F. Smith 118.

*A. H. Coffroth*, for appellee.—Mayberry's Appeal, 9 Casey 258; Morris *v.* Garrison, 3 Id. 226; Bickley *v.* Biddle, 9 Id. 276; Chorpenning's Appeal, 8 Id. 316.

The opinion of the court was delivered, July 7th 1870, by
READ, J.—On the 7th January 1865, the administrator of Charles Alburn, under an order of the Orphans' Court, sold at public sale for the payment of debts the real estate of the decedent, Francis Hayman, who had agreed, with the minor children of the decedent, William and Henry Alburn, the night before, to purchase the property for them, attended the sale with the two minors, and stated publicly he wanted to buy it for them. Upon this announcement, one certainly of the bidders ceased bidding, who would have given more, but did not think it right to bid against the children. It was knocked down to Hayman for $700, and he immediately turned around and addressed the boys, Henry and William Alburn, and said, "the place is yours." In different conversations he said the farm was bought for the boys.

On the 6th February 1865 the sale was confirmed, and on the 4th April the administrator made a deed to Francis Hayman for the premises, Hayman paying $600 in cash, and giving his obligation for the remaining $100. The administrator also testified that "on the 31st March 1865, when I came up to make my return, Hayman told me to tell J. O. Kimmel, Esq., to make the deed to the Alburn boys (William and Henry): I told J. O. Kimmel, and he said that could not be; it must be made to correspond to the return; when I delivered the deed in J. O. Kimmel's office,

[Hayman's Appeal.]

Hayman said he did not buy the place for himself, but for the Alburn boys, and turned around and pointed to the boys. William and Henry were present." "I paid Hayman the share of the two boys, of whom he was guardian."

On the 24th April 1865, Francis Hayman was appointed guardian of the two minors, William and Henry, and on the 12th March 1867 sold the farm to Frederick Bodie for $1200—$800 on the 1st April 1867, and the balance in two annual payments without interest.

Upon citation, the guardian filed his account with Henry Alburn, which was referred to an auditor, whose report was confirmed by the Orphans' Court, from whose decree this appeal is taken.

It also appears, that in 1864, the boys wanted Hayman to be their guardian, and that in November of that year he said he had rather agreed to be so; and Henry Alburn testified: "I did appoint Hayman my guardian, and he was to act as my guardian before the sale."

It is clear, therefore, that the appellant, before and at the time of the sale, and up to the time of his appointment as guardian by the court, stood in a fiduciary relation to the appellee, an infant, as *quasi* guardian or confidential adviser, and is bound to account for the profit made by him on the sale of the premises purchased by him for the' benefit of the two minors.

The guardianship account has been settled by the court upon this principle, and we see no error in the decree of the Orphans' Court.

> Decree affirmed and appeal dismissed, at the costs of the appellant.