# Daniels' Estate

*Francis L. Van Dusen,* of *Dechert, Smith & Clark,* for petitioners.

*Irving Katz,* for respondent.

STEARNE, J., November 3, 1939. — A life insurance company paid the proceeds of two life insurance policies to the guardian of the *persons* of two minors. The payment was improper because a guardian of the person has no authority to intermeddle with the *estate* of a minor: Daniels v. Metropolitan Life Ins. Co., 135 Pa. Superior Ct. 450, and the acts of assembly and cases therein cited.

Upon attaining her majority, the elder ward instituted suit against the insurance company to recover the amount

of the policy of which she was entitled to the proceeds. The insurance company defended, inter alia, on the ground that while its payment to the guardian of the *person* may have been unauthorized, nevertheless, the guardian of the person had in fact expended all the proceeds for the benefit of the ward (plaintiff). Credit for such expenditures was claimed as a set-off. A jury rendered a verdict for defendant. On appeal the Superior Court reversed the verdict and entered judgment for plaintiff. Judge Rhodes (Daniels v. Metropolitan Life Ins. Co., supra), in a most able and comprehensive opinion, pointed out (p. 458) that credits for alleged payments made to or on behalf of the late minor were not properly established because such payments can only be made with "authority from, or approval by, the orphans' court which has sole jurisdiction thereof."

The younger minor has since reached his majority, and has likewise entered suit against the insurance company upon the policy wherein he was the named beneficiary. The insurance company, being desirous of availing itself of any legal defense because of "authorized or approved expenditures" made by the guardian on behalf of the late minor, has petitioned the orphans' court for an order requiring the guardian of the *person* to file an account of the funds which the guardian admits having received, but alleges he has fully disbursed.

The orphans' court has not the slightest concern in the litigation between the parties in the Municipal Court. Neither will it lend its aid or assistance solely for such purpose on behalf of either litigant. Furthermore, if an accounting is ordered, and an adjudication had thereon, this court does not thereby intend, directly or indirectly, to express any opinion as to what effect, if any, such adjudication may have upon the litigation now pending in the Municipal Court.

However, the orphans' court, invested with exclusive jurisdiction over the persons and estates of minors (Orphans' Court Act of June 7, 1917, P. L. 363, sec. 9 (a) ;

Fiduciaries Act of June 7, 1917, P. L. 447, sec. 59(*a*); Daniels v. Metropolitan Life Ins. Co., supra); has keen concern where an individual, by misrepresentation, secures his appointment as a guardian—whether of the person or estate—and thereafter secures funds belonging to the minor, alleges that he has properly expended all of the moneys in the minor's behalf, but files no accounting in this court.

The orphans' court record reveals that Alexander Daniels (respondent herein) secured his appointment as guardian of the person of the present minor by misrepresentation. Daisy Roberts, an aunt of the minor, was already testamentary guardian of the person and estate of the minor by appointment under the will of the minor's deceased father (see Daniels v. Metropolitan Life Ins. Co., supra, p. 452). Although the ward (the other respondent herein), Daisy Roberts, testamentary guardian of the person and of the estate, and Alexander Daniels, the proposed guardian of the person of the minor, joined in the petition for the appointment of Alexander Daniels, as guardian of the person of the minor, the fact that there already existed a testamentary guardian of the person and of the estate was never disclosed to the court. While there may have been no legal justification or excuse for payment of the insurance proceeds by the insurance company to such unauthorized guardian of the *person,* nonetheless, such guardian also knew, or should have known, that he, as guardian of the person, had no authority to receive or disburse the insurance funds.

The insurance company (petitioner) has caused a citation to issue against the guardian of the person to show cause why he should not file an account. The late minor (additional respondent) has filed preliminary objections to the granting of the prayer of the petition upon the ground that petitioner is not a "person interested" entitled to require such accounting: Orphans' Court Act, supra, sec. 17(*a*), p. 374. The words of that section of the act are that the citation may issue "On petition to the

court of any person interested, whether such interest be immediate or remote".

Counsel for the late minor cites Seidman's Estate, 20 Lack. Jur. 176, and Moore's Estate, 19 Dist. R. 109, holding that a surety for a fiduciary is not an "interested person" entitled to petition the orphans' court requiring the fiduciary to account. He overlooks the decision of this court in Fisher's Estate, 20 Dist. R. 362 (with foot notes), to the contrary and the express provisions of section 54(c) of the Fiduciaries Act of 1917, supra.

In the instant case, however, petitioner possesses the status of a potential creditor. It may well be that upon an audit petitioner's payment will be decreed as voluntary and cannot be recouped in whole or in part. However, at such audit facts and circumstances may develop which would entitle the insurance company to repayment in whole or in part. Its rights may be decreed to be subrogated to those of the late minor. It is only upon an audit of an account that this petitioner's rights, against any fund held to be still in the accountant's possession, can be adjudicated. This applies as well to claims of any possible creditors of the late minor, or his guardian, for claims arising during the minority and properly chargeable against the fund.

Because the guardian of the person, who had no right to intermeddle with his ward's estate, did in fact secure funds of the minor, does not exempt him from accounting therefor. It is well settled, both in England and in the United States, that if a stranger takes possession of the estate of a minor he will, in equity, be regarded *as* a guardian, and will be required to account as such: Hayman's Appeal, 65 Pa. 433, 435. See Gilfillen's Estate, 170 Pa. 185, discussion and citations of Mr. Justice Green, p. 190, et seq. Such an intermeddler may be termed a quasi-guardian, a guardian de son tort, trustee de son tort, or by any other name. However, mere terminology would appear to be immaterial. The orphans' court, as a court of equity, has always exercised complete and ex-

clusive control over the property of a minor's estate. Within its limited jurisdiction it exercises the full power of a court of equity: Mauser et al. v. Mauser et ux., 326 Pa. 257.

Section 59 (*j*) 1 of the Fiduciaries Act of 1917 requires *every* guardian to render an account "when so required by the court". In Kerr's Petition, 29 Dist. R. 909, it was held that it is the duty of the court to order an accounting "without regard to whether . . . [the] facts were brought to its attention by a proper party or not." (Syllabus.) Indeed, the orphans' court, as a court of equity, may require an accounting solely upon its own motion. In Kerr's Petition, supra, the opinion states (p. 911) :

"In 12 R. C. L., §45, page 1151, the text-writer says: 'It was a part of the original and inherent jurisdiction of chancery for the protection of the rights of infants and the regulation of the conduct of guardians, especially of those appointed by it, to compel an accounting by such guardians, and to pass upon their accounts. Such accounts might be called for by the court on its own initiative in the regular administration of the chancery office.' "

Any possible doubt as to the propriety of ordering an accounting in the present circumstances is dissipated when the answer of the guardian is considered. The guardian in his answer admits receipt of the fund, and avers that he has expended all of same "for the education, maintenance and benefit" of his ward. The guardian further states that "he is ready and willing to file an account of the moneys received by him as guardian of the person of [the ward] late a minor, and that he submits himself to the directions of [the court]."

If the guardian, who may become liable to the late minor, or to petitioner, for the irregular receipt and disbursement of these funds, expresses his willingness to account, it would seem that the late ward should have no

standing to object to his guardian filing an account in this court.

The preliminary objections of Henry Daniels, the late minor, are dismissed, and said respondent is allowed ten days, under the equity rules, in which to file an answer upon the merits should he so elect.

Van Dusen, P. J., although present at the oral argument, did not participate in the deliberations of this case, nor in the decision of the court.