## Carwithen's Estate.

Argued May 19, 1937. Before KEPHART, C. J., SCHAF-
FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Lloyd J. Schumacker,* trustee ad litem, appellant, in propria persona.

*Maurice Bower Saul,* with him *R. M. Remick,* of *Saul, Ewing, Remick & Saul,* for appellee.

*Thomas Stokes,* with him *William Carson Bodine,* of *Pepper, Bodine, Stokes & Schoch,* and *Morgan, Lewis & Bockius,* for intervenor.

*Henry S. Drinker, Jr.,* of *Drinker, Biddle & Reath,* filed a brief as amicus curiæ.

OPINION BY MR. JUSTICE LINN, October 8, 1937:

This appeal is from a declaratory judgment that the petitioning trustees have the right to invest trust property in common and preferred stock of corporations.

Testator died November 13, 1927, leaving a will dated December 29, 1925. He gave two-thirds of the residue of his estate to trustees to pay the income to certain persons for life and then to distribute the principal. While the entire fifth article of the will must be considered in dealing with the powers vested by the testator in his trustees, it will be sufficient for present purposes to quote paragraph 3 of that article[1]: "3. To invest and reinvest, alter, vary and change investments and reinvestments from time to time, at discretion, without confining my Trustees to what are known as Legal Investments. I authorize my Trustees, in their discretion, to retain without liability, any of my investments in the form in which they may be at the time of my decease."

The account of the executors was adjudicated November 7, 1928, and $494,442.52 in cash and property was awarded to the trustees. On June 15, 1936, they filed this petition for a declaration that they were authorized to invest in shares of stock. It contained the following averments:

[1] The entire article will be found in the opinion of the court below, 28 D. & C. Rep. 66.

"4. By reason of the fact that at this time there are very few good first mortgage loans available for investment and other forms of investment, such as government and municipal bonds, by reason of their low rate of interest or the high premium that must be paid, produce a very low rate of income, it is the desire and intent of your petitioners from time to time as occasion may warrant, and out of funds properly available for the purpose, to invest a portion of the corpus of the estate in such high grade stocks either common or preferred of sound corporations as they may deem proper for such investment.

"5. Because of the fact, however, that there is no specific or direct authority or instruction under the terms of the Will thus to invest any of the estate in such stocks, and in order to protect your petitioners in the future from any claim of surcharge that might arise merely from the fact of such investment, it is the desire of your petitioners to obtain from your Honorable Court a judgment declaratory of their rights and powers in the premises in accordance with the provisions of the 'Uniform Declaratory Judgments Act' of June 18, 1923, P. L. 840, as amended by the Act of April 25, 1935, P. L. 72, and supplemented by the Act of May 22, 1935, P. L. 228.

"6. . . .

"7. The said guardian and trustee ad litem [now the appellant] by writing hereto annexed has acknowledged receipt of notice of the intended presentation of this petition, admitted the facts set forth, but denied the rights of your petitioners thus to invest as aforesaid.

"8. Wherefore a substantial dispute exists between the parties interested in this estate as to the rights of your petitioners to invest any portion of the corpus thereof in the common or preferred stocks of corporations."

We think the petition should have been dismissed, as not presenting a case justifying the declaration made.

The measure of care or standard of duty required of a testamentary trustee is well settled. "Common skill

and common prudence, as is said in the many cases cited, are all that the law demands of a trustee; that is, the common skill and prudence of an investor of money to be safely kept with such reasonable income as is commensurate with safety of the principal": *Hart's Estate*, 203 Pa. 480, 486, 53 A. 364. See also *Detre's Estate*, 273 Pa. 341, 350, 117 A. 54; *Taylor's Estate*, 277 Pa. 518, 121 A. 310; *Drueding et al. v. Tradesmens B. & T. Co.*, 319 Pa. 144, 147, 179 A. 229.

If a trust investment is properly questioned, the burden of showing the wisdom or propriety of his conduct in making it is on the trustee. It is at that time and in that proceeding that the discretion exercised by him will be scrutinized in the light of the will and of the Fiduciaries Act. The primary inquiry will be whether he has performed according to the recognized standard applied to the facts that existed at the time of the investment. In considering the matter, a subordinate question may in some cases be involved, whether (as petitioners claim here) the will shows that the testator enlarged the field of investment and to that extent relieved his trustees from the restrictions imposed by the statute. But it is when the court deals with the principal question that the subordinate one will be decided. Petitioners now desire a decision of what in some future proceeding may or may not be a subordinate question. It is easy to see that in some circumstances such a question cannot arise, and that in others in which it may arise, the facts on which it may then be presented cannot be anticipated. The contingent character of the circumstances presented by petitioners takes the case out of the class in which the court will enter declaratory judgments. The court is not vested with jurisdiction to give advice merely: *Cryan's Estate*, 301 Pa. 386, 391, 152 A. 675. In *Kariher's Petition*, 284 Pa. 455, at p. 471, 131 A. 265, it is said: ". . . in all jurisdictions where declaratory-judgment practice obtains, the rule is established that it is a matter of judicial discretion whether or not jurisdiction will

494

be taken of any particular case." Section 6 of the Act, as amended April 25, 1935, P. L. 72, says that a declaration *may* be made: "Relief by declaratory judgment or decree may be granted in all civil cases where an actual controversy exists between contending parties, or where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, and the court is satisfied also that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding." Before granting a petition the court must be satisfied, that is, must reach a conclusion in the exercise of judicial discretion. We think there is nothing on this record to sustain a declaration; there is no actual controversy; there may be one some day if the trustees fail in the measure of their duty with resulting loss; but the circumstances cannot be anticipated, and without them there is no "actual controversy" on the point; the record does not present antagonistic claims indicating "imminent and inevitable litigation." The parties may differ on what the will means, but that is not enough to support the declaration made. The contingent character of what is proposed by the trustees appears in their petition. Paragraph 4, quoted above, shows they have not made up their minds that such investments are necessary or desirable or that they would be made if the declaration were granted; their averment that "it is the desire and intent of your petitioners from time to time as occasion may warrant, and out of funds properly available for the purpose, to invest a portion of the corpus of the estate in such high grade stocks either common or preferred of sound corporations as they may

deem proper" contain several contingencies,[2] any one of which happening might reduce the decree, if granted, to mere advice; they may never find the shares of stock in which they would invest, or, if they find them, may not then have the funds available. Moreover, if the desired declaration were made and acted on and the investment were subsequently challenged for resulting loss, the trustees would still be required to justify the wisdom and propriety of their selection.[3] Generally a cause of action may not be split into parts; until a trustee has acted, has exercised his powers by investing, the court has nothing from which to determine whether his act as a whole shall be confirmed or whether he must bear the loss; there must be a real controversy. Compare *Straus's Estate,* 307 Pa. 454, 457, 161 A. 547.

The judgment appealed from is reversed and the petition is dismissed, costs to be paid out of the principal of the estate.

---

[2] On this subject see *Sterrett's Estate,* 300 Pa. 116, 150 A. 159; *Reese v. Adamson,* 297 Pa. 13, 146 A. 262; *Pittsburgh's Consolidated City Charter,* 297 Pa. 502, 147 A. 525; *Wagner v. Somerset Co.,* 96 Pa. Superior Ct. 434; *Heller v. Shapiro,* 208 Wisconsin 310, 242 N. W. 174.

[3] In comments u and v to Section 227, Restatement, Trusts, it is said "An authorization to invest in securities, however, does not of itself empower the trustee to make an investment which would not be made by a prudent man dealing with his own property and having primarily in view the preservation of the trust estate and the amount and regularity of the income to be derived.

"v. An authorization by the terms of the trust to invest in a particular type of security does not mean that any investment in securities of that type is proper. The trustee must use care and skill and caution in making the selection. Thus, if the trustee is authorized by the terms of the trust to invest in railroad bonds, he is guilty of a breach of trust if he invests in bonds of a railroad company in which a prudent man would not invest because of the financial condition of the company."