## Stollenwerk's Estate.

116

Argued November 21, 1938.

Before Keller, P. J. Cunningham, Baldrige, Stadt-feld, Parker and Rhodes, JJ.

*Guy W. Davis,* with him *Guy K. Bard,* Attorney General, *Horace M. Barba,* Special Deputy Attorney General, and *Raymond E. Larson,* for appellant.

*John G. Kaufman,* with him *V. Gilpin Robinson,* for appellee.

Opinion by Parker, J., January 31, 1939:

On audit by an orphans' court of the account of Media-69th St. Trust Company, as stated by the Secretary of Banking, the accountant showed a balance for distribution amounting to $1,295.71, consisting of a participation certificate in a mortgage pool for $1,125 and cash $170.71, and petitioned the orphans' court for "leave to accountant to make distribution in kind." The court below refused the permission requested and the accountant has appealed. The decree must be affirmed.

Armeda Stollenwerk, by her last will, probated No-

vember 9, 1925, bequeathed to her niece, Louisa Eugenia Stengel, $1,000 to be held in trust, the principal and interest to be paid to her when she reached her majority. The trustee appointed by the will declined to serve and Media Title and Trust Company was substituted as trustee, the bequest being paid to it in cash on November 23, 1926. That trust company subsequently merged in the Media-69th St. Trust Company. On September 30, 1933, the Secretary of Banking took possession of the last-named trust company.

On November 24, 1926, the trust company invested the principal of $1,000 in an undivided interest in a mortgage for $4,500 given by one John Walls, Jr., and guaranteed by James Wolfenden. Of the balance, $2,190 was held by the trust company as trustee for others and it held $1,310 in its own right.

On August 11, 1927, the trust company repurchased the Walls mortgage and placed it in a mortgage pool operated for the benefit of various trusts and customers. It does not appear just how the interest of this estate in the mortgage was taken care of by the trustee. The bank's entries are confusing and contradictory. It does appear by the only certificate actually issued and produced by accountant that the trustee invested in the mortgage pool for this estate $1,000 on January 15, 1930, and $125 on April 24, 1930, the latter amount representing accumulated interest.

By the Fiduciaries Act of 1917 (20 PS §865) it is provided: "Whenever it shall appear, at the audit and distribution of an estate in the orphans' court, that the balance, after payment of debts, includes stocks, bonds, or other securities, which, for reasons satisfactory to said court, have not been converted by the accountants, it shall be lawful for said court to direct distribution of such assets in kind, to and among those lawfully entitled thereto, including fiduciaries." The orphans' court, believing that satisfactory reasons were not presented, refused the request, and unless it appears that

that court abused its legal discretion the decree must be affirmed.

Distribution in kind is the exception and not the rule: *Giese's Est.,* 119 Pa. Superior Ct. 232, 239, 180 A. 711; *Weir's Est.,* 251 Pa. 499, 504, 96 A. 1086; *Simpson's Est.,* 253 Pa. 217, 223, 98 A. 35. Distribution in kind may not be authorized by the court unless reasons are shown which are satisfactory to the court for so doing: *Komara's Estates,* 311 Pa. 135, 139, 166 A. 577; *Dempster's Est.,* 308 Pa. 153, 162 A. 447. Also, see *McGuffey's Est.,* 123 Pa. Superior Ct. 432, 187 A. 298, where the same question was involved and the cases were reviewed.

The accountant having furnished no evidence which would form a basis for the request made, the decree must be sustained. The accountant called no witnesses, while the exceptant furnished such evidence of the history of the investment as it could elicit from the employees of the accountant and the trust company. The evidence so produced not only failed to sustain the burden on the petitioner, but tended to show that the petition could not have been granted without an abuse of discretion.

When the interest in the Walls mortgage was assigned to this trust estate it was the property of the trust company and had been so for a considerable period. The trust company's own records fixed the valuation of the property on which the mortgage was a lien at $5,000. In other words, the loan was for ninety per cent of the value. The mortgagor had been constantly in arrears in the payment of his interest. A personal guarantee, which does not now appear to be available, was required from the mortgagor, from which it may be inferred that the real property was not of itself sufficient security. A trustee violates his duty to the trust estate if he sells to himself as trustee property which he owns individually: *Tracy v. Central Trust Co.,* 327 Pa. 77, 79, 192 A. 869. In *Yost's Est.,* 316 Pa. 463, 467, 175 A. 383, the Supreme Court condemned the practice. In *Mc-*

*Guffey's Est.,* supra (p. 441), we said: "We do hold, however, that if a corporate trustee purchases from one of its own departments a mortgage, and the investment results in a loss to the trust estate, then the burden of proof is on the trustee to show that due care was exercised in making the purchase."

When, in 1930, the interests were taken in the mortgage pool for this estate, the Walls mortgage had been placed in the pool. The auditing judge found as a fact that no appraisements were made of the mortgages included in the pool and that finding was supported by competent evidence. At the time the investment was made in this mortgage pool the Act of April 26, 1929, P. L. 817, was in force and it was therein provided (20 PS §801) that legal investments for fiduciaries should not exceed in amount two-thirds of the fair value of the real estate, and that " 'fair value' of real estate shall be the value placed thereon, in writing, by a reputable person, who shall be especially familiar with real estate values, shall have actually inspected the real estate before making his valuation, and shall certify that his valuation was made after inspection of the premises." Prior to that act it was deemed bad business judgment to loan on mortgage security on so narrow a margin, as was done here.

In addition, the records of the trust company, so far as they were presented, left much to be desired. The entries were contradictory and did not record such an accurate and precise account of the transactions and the handling of the trust estate as was to be expected of a trust company fiduciary. We are not unmindful of the conclusions reached by the Supreme Court as stated by Mr. Justice DREW in *Guthrie's Est.,* 320 Pa. 530, 538, 182 A. 248, that technical departures from the strict letter of the law should not, in a court of equity, be made the basis for a surcharge where no loss has been suffered and the trustee has shown good faith and sound business judgment. Such was not the situation

here. The appellant furnished no evidence to support its petition in the face of the fact that the exceptant did disclose evidence which indicated a departure from the law affecting fiduciaries, a lack of good business judgment, and that losses would be incurred in liquidating the mortgage pool. When the trust company was appointed trustee for this estate a bond was required of it for the faithful performance of its duties and the beneficiary in this estate should not be deprived of that security. Under all the circumstances, the orphans' court cannot be convicted of an abuse of legal discretion in refusing the prayer of the petitioner when appellant failed to furnish any evidence in support of its request.

Decree affirmed at the costs of the appellant.