## Geisinger et al. v. Trexler et al.

*Groman & Rapoport*, for plaintiffs.
*C. E. Arner*, for defendants.

HENNINGER, J., March 13, 1939.—Petitioners were assistant fire chiefs of the City of Allentown, the one from April 1, 1925, to January 4, 1932, the other from January 4, 1932, to January 6, 1936. In each instance this employment constituted full-time employment, but was by political appointment and not within civil service. On September 30, 1938, these men applied to respondents, the Firemen's Civil Service Board of the City of Allentown, for reinstatement into the service of the fire department of said city, which reinstatement was declined upon the opinion of the city solicitor that the clause of the act relied upon, viz., Act of May 31, 1933, P. L. 1108, sec. 9, as amended by the Act of March 31, 1937, P. L. 190, sec. 1, 53 PS §8480g, did not apply to chiefs or deputy chiefs. In refusing petitioners' applications, the board suggested a case stated to determine the point, but did not state that they would place petitioners on the rolls if qualified.

Petitioners then filed a petition for a declaratory judgment to declare that the Firemen's Civil Service Board

had the right to place them on the list of firemen by waiving the age requirements, necessity for an examination (other than physical), and seniority. To this petition defendants filed an answer denying petitioners' rights as claimed and denying the court's jurisdiction and petitioners' choice of remedy.

Our acceptance of jurisdiction under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, is discretionary. The court will not take jurisdiction unless satisfied that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding: Uniform Declaratory Judgments Act, supra, sec. 6, as amended by the Act of April 25, 1935, P. L. 72, sec. 1, 12 PS §836.

Nor will the court take jurisdiction to decide a subordinate question or merely to give advice. The consent of all parties (absent in this case) will not alone afford jurisdiction: Kariher's Petition (No. 1), 284 Pa. 455, 471; Carwithen's Estate, 327 Pa. 490, 493, 494.

In this case, although the Firemen's Civil Service Board has suggested a case stated, they are not bound to accept our decision and may, nevertheless, in their uncontrolled discretion refuse to place petitioners on the rolls of the fire department. Should they so decide, our decision would have been on a moot point. Unless it is made to appear that this question of law is the sole impediment to petitioners' employment, our decision is advisory only. Furthermore, while it might be binding on the board, it would not bind the employing agency, the city council: Uniform Declaratory Judgments Act, supra, sec. 11.

No doubt the parties will find it possible to create a situation in which the solution of this question will be determinative of petitioners' status and in that case either a declaratory judgment or other appropriate proceeding will lie. It is not for the court to suggest in advance the requisite procedure. We suggest, however, that, if possible, the "appointing officer" mentioned in the Civil Serv-

ice Laws, as well as the Civil Service Board, be made a party.

Now, March 13, 1939, the petition for a declaratory judgment in the above-captioned action is dismissed at the costs of petitioners.