## Jamison's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*William H. S. Wells,* of *Saul, Ewing, Remick & Saul,* for petitioners.

*Carroll R. Wetzel,* contra.

LADNER, J., June 30, 1939.—Petitioners are trustees under the will of Ada Norton Jamison, deceased, who, by her will and codicil, probated November 18, 1935, out of her residuary estate bequeathed to petitioners, as trustees, a sum sufficient to pay annuities to respondents as follows: J. Howard Brown, $750; Paul R. Brown, $750; Helen Brown Collins, $5,000, and Elizabeth Hensell, $5,000.

The will provided that any surplus income not necessary to meet the foregoing annuities is to be paid to the Hahnemann Medical College and Hospital, and that upon the death of the survivor of the aforenamed annuitants,

38.

the principal of the fund is to be assigned, transferred and paid over to the Hahnemann Medical College and Hospital. The balance of the residuary estate was also given to the Hahnemann Medical College and Hospital.

By an adjudication filed in this court, dated October 17, 1936, pursuant to the audit of the first and final account of petitioners in their capacity as executors, it was provided that a sum sufficient to pay the annuities mentioned in the will should be retained by the accountants as trustees, subject to the agreement of the parties as to the amount thereof. Subsequently, by the schedule of distribution filed and approved, there was distributed to petitioners as trustees the sum of $543,225.22, from which to pay the annuities above mentioned, and the surplus income, if any, to be distributed annually to the Hahnemann Medical College and Hospital.

During the years of 1936 and 1937 petitioners as executors realized capital gains from the sale of certain securities forming a part of the corpus of the estate. In the income tax returns for those years the capital gains so realized were deducted from the net income of the fund in accordance with the provisions of section 162 (a) of the Revenue Act of 1936 which permits a deduction where any part of the gross income of an estate or trust is pursuant to the term of the will, paid or permanently set aside for charitable purposes. It is averred in the petition for declaratory judgment that the Commissioner of Internal Revenue disallowed the deduction so claimed on the theory that under the terms of paragraph 4, section DD, of decedent's will the annuities therein provided for are fixed charges against the entire fund, and if the income is insufficient to pay the same the principal may be invaded to make up such deficiency, and that therefore it cannot be said that the principal of said fund is permanently set aside for a charitable institution.

Respondents in their answer substantially admit the facts as averred and take a similar position with that of the Commissioner of Internal Revenue, namely, contend-

ing, in effect, that their annuities are payable not only out of income but in case any deficiency of income should ever arise the annuities must be paid in full out of principal.

The petition prays for a declaratory judgment decreeing in effect that under the will the annuitants have no interest whatsoever in the corpus of the funds set aside for the payment of their annuities nor in any accretions thereto. At the argument it was frankly stated that the purpose of asking the declaratory judgment decree is to enable the trustees and respondents to know whether or not the ruling of the Commissioner of Internal Revenue is founded on a correct interpretation of the will. We are thus asked to sit, as it were, in review of the decision of the United States Commissioner of Internal Revenue. Our Supreme Court in the case of Petition of Capital Bank & Trust Co. (opinion filed June 19, 1939, no. 47 of May 1939), 336 Pa. 108, recently pointed out that parties are not entitled to a declaratory judgment to aid them in another transaction.

We are of the opinion that the petition before us presents no proper purpose for which a declaratory judgment proceeding can be invoked, and that the proper procedure is to prosecute an appeal under the United States Internal Revenue Act of February 26, 1926, 44 Stat. at L. 9, from the decision petitioners conceive to be incorrect.

In Carwithen's Estate, 327 Pa. 490, the Supreme Court held that the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, could not be invoked to obtain an advisory opinion from the court as to whether a testamentary trustee may invest principal of a trust estate in common or preferred shares of the stock of sound corporations. What the court there said is equally applicable here. We quote from the opinion of the Supreme Court appearing at page 494:

"We think there is nothing on this record to sustain a declaration; there is no actual controversy; there may be one some day if the trustees fail in the measure of their duty with resulting loss; but the circumstances cannot be anticipated, and without them there is no 'actual controversy' on the point; the record does not present antagonistic claims indicating 'imminent and inevitable litigation'."

What was there said may be applied to the situation here with equal propriety. There is no indication up to the present time that the income produced from the fund set aside will not continue to be ample to provide for the payment of the annuities in full without invasion of the corpus. There may never be any deficiency of the income and, if not, no controversy could ever arise. This principle of Carwithen's Estate, supra, the Supreme Court has reaffirmed in its latest case on the subject, viz. Petition of Capital Bank & Trust Co., supra.

The petition for declaratory judgment is dismissed.

VAN DUSEN, P. J., dissenting.—To me the defect in this proceeding is that Hahnemann Medical College and Hospital is the real party in interest opposed to the annuitants, and it has not filed an answer and has not even been made a party. I am sorry that I overlooked this point when I allowed the citation. The declaration if made would not bind Hahnemann, and I cannot believe that the Commissioner of Internal Revenue would pay any attention to such a judgment.

I am entirely in accord with the objection to advisory opinions. The objection to them is that there is no adverse proceeding—there is not that conflict in interest and argument which is the common-law method of arriving at a just result.

But if there are real parties with real interests, and there are real conflicting claims, then I think that the declaratory judgment is a useful proceeding and should be encouraged. If, in this proceeding, we had heard from

Hahnemann, I think we ought to render judgment even though the occasion which got the parties into the controversy was a claim for income tax.

I want to suggest, also, that a case might arise in which it would be proper that the trustee should be petitioner and both of the interested parties should be respondents. The trustee is charged with the responsibility of settling the income tax. If the trustee should call upon the parties to state their positions and they took opposing positions, then I think the trustee, for its protection, ought to get a judgment by which it could be guided and which the Commissioner of Internal Revenue would probably respect. If one party took a certain position and the other party would do nothing, then I should think there might be a default judgment. The situation is somewhat like that in which a rule to bring ejectment is used.

If the judgment in this court would be binding on the parties and would control the distribution of the fund, then I should suppose the Commissioner of Internal Revenue would respect it. This court is the natural place to litigate such a question as this. But a judgment on the tax question in the Board of Tax Appeals, to which Hahnemann might not be a party, would not control distribution. It would be unfortunate to have taxation on one construction of the will, and distribution on another construction.

I think that the Capital Bank & Trust Company case is another request for an advisory opinion and not a real controversy.

It may be said that in this case there is no controversy shown and not even the "ripening seeds of a controversy". That is only because we have not heard from Hahnemann. If Hahnemann really resists, then the seeds are ripening. If Hahnemann does not resist, then it ought to suffer a default judgment and the trustee will know where it stands.

I think that leave to amend the petition should be given by making Hahnemann a party to it, and to bring out fully what Hahnemann's position is.