## Rebmann's Estate.

Argued January 8, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN and PATTERSON, JJ.

*G. Ruhland Rebmann, Jr.,* of *Edmonds, Obermayer & Rebmann,* with him *George B. Clothier,* for appellants.

*Richard W. Thorington,* guardian and trustee ad litem.

OPINION BY MR. JUSTICE PATTERSON, March 27, 1940:
Following the adjudication in December, 1937, of an interim accounting filed by the surviving trustees under

the will of Godfrey Rebmann, who died March 20, 1897, the balance of principal "composed as set forth in the account" was awarded to appellant Harry F. Rebmann, as continuing trustee, and appellants Loraine I. Van Dusen and the Tradesmen's National Bank & Trust Co., as substituted trustees.

Appellants filed a petition in the orphans' court setting forth that among the assets of the trust estate awarded them they received securities which were not at the time of purchase by the original or surviving trustees and are not now legal investments for trust funds and other securities which were legal investments at the time of purchase but have since ceased to be so by reason of changes in the law or by reason of defaults or inadequate property valuations; that appellants are of the opinion that if under the law they have no duty to sell these securities as promptly as reasonably can be done they should be retained, but if they are duty bound to sell as promptly as can be done without sacrificing intrinsic values the securities should be sold; and that appellants are advised by counsel that their duty in this respect is not clear in view of the provisions of sections 41(a) 19(c) and 49(e) 2 of the Fiduciaries Act, as amended by the Act of May 28, 1937, P. L. 1037. They asked the court to decree that "The said trustees are not under a duty to dispose of said investments as promptly as reasonably can be done without a sacrifice, but are merely under a duty to exercise the due care and prudence that an ordinary man would exercise in determining from time to time whether to hold or sell any part or the whole of any one or more of the said investments in the same manner as if said investments were legal for the investment of trust funds under the law of the Commonwealth of Pennsylvania" and that "The said trustees having determined in the exercise of due care and prudence that it is unwise to sell any of the said investments at the present time, are under no duty to

do so. . . ." * The will contains a power to retain investments of the testator, but no power to make non-legal investments.

The court below dismissed the petition for lack of jurisdiction, saying "The trustees have doubts as to the law on a question of considerable difficulty and they come to the Court for a commentary on and exposition of the law which will guide them, and which would be binding on the parties. Such an advisory opinion is not within the judicial power." Thus, the sole question on this appeal is whether or not the petition was properly dismissed for lack of jurisdiction.

The question must be answered in the affirmative. No answer to the petition was filed by any of the adult parties in interest, and the guardian and trustee ad litem for minors, unborn issue and other unascertained interests states that he is "not greatly concerned whether

---

* Section 41(a) 19 (added by the Act of July 2, 1935, P. L. 545, as subsection 13 and renumbered without change as subsection 19 by the Act of 1937), in paragraph (c) provides that when a fiduciary receives non-legals pursuant to the terms of a will, deed, decree of court, or other instrument, or receives or makes investments which subsequently become non-legal, he shall not be liable for loss if he "exercises due care and prudence in the disposition or retention of any such non-legal investment." Section 4 of the Act of 1937 amended section 49(e) 2, which section formerly provided that where securities remaining unconverted at the time for distribution of a decedent's estate had been awarded in kind, under section 49(e) 1, the fiduciary should use reasonable diligence in converting such securities as were not then or thereafter authorized by law and provided if the fiduciary be doubtful as to the propriety of selling he might apply to the orphans' court for authority and direction to sell, by eliminating the clause requiring the use of "reasonable diligence" in converting and providing for application to the orphans' court for authority and direction to "retain or sell." It is doubt as to the effect of these amendments upon the rules laid down in *Seaman's Estate,* 333 Pa. 358, and its progenitor cases, respecting the duty of a fiduciary promptly to convert non-legal securities in the absence of unusual circumstances justifying retention, to which the appellants refer.

124

the Court has jurisdiction to entertain the petition or not." The manifest purpose of the petition was to obtain a judicial pronouncement of the Court's opinion purely by way of advice and assurance that the appellants would not be exceeding their authority in retaining the securities in question, and it is well settled that the giving of such advice is not within the judicial power of the orphans' court: *Tyson's Estate,* 191 Pa. 218; *Morton's Estate,* 201 Pa. 269; *Carwithen's Estate,* 327 Pa. 490.

In *Reese v. Adamson,* 297 Pa. 13, this Court dismissed a petition for a declaratory judgment by poor directors setting forth that they were uncertain as to their duties by reason of alleged inconsistencies in two statutes and praying the court to declare their rights and duties as to the levying and collection of taxes, saying that the petition "clearly seeks to have a pronouncement of our opinion by way of advice." Again in *Pittsburgh's Consolidated City Charter,* 297 Pa. 502, a petition filed by the Commissioners of Allegheny County for a declaratory judgment to ascertain their power under Section 4 of Article XV of the Constitution to resubmit the Charter of the Consolidated City of Pittsburgh to the electors after it had once been rejected, in which they alleged that they were uncertain as to their legal status and duties, was dismissed. It is said there, at 507, that "in the absence of some showing of an actual controversy, no court would have jurisdiction, either under the Declaratory Judgments Act or any other known form of procedure, to grant relief in this case."

Appellants frankly admit that the purpose of the proceeding was to obtain a "judicial interpretation" of the amendatory provisions of the Act of 1937, stating "appellants believe that the true meaning of the amendments is as argued, but they do not believe they are justified in guessing at the law in a matter of such obvious doubt." Clearly the same reasons which impelled dismissal of the petitions in the Reese and Pittsburgh

Charter Cases, to wit, lack of jurisdiction to render purely advisory opinions, imperatively required dismissal of appellants' petition.

Appellants contend that Section 49(e) 2 of the Fiduciaries' Act, as amended by Section 4 of the Act of May 28, 1937, P. L. 1037, requires the orphans' court to take jurisdiction of their petition. The Section, as amended, provides that "Where stocks, bonds, or other securities have been distributed in kind as above provided, to any fiduciary, if such fiduciary be doubtful as to the propriety of retaining or making sale of such securities, he may apply to the orphans' court having jurisdiction of his accounts, by petition, for authority and direction to retain or sell the same; whereupon, after due notice to all parties interested, the said court shall make such order in the premises as to it may appear proper." Appellants argue that under this Section the Court is required to take jurisdiction where the doubt of the fiduciary as to the propriety of retention or sale and reinvestment in legals arises out of his uncertainty as to the latitude of discretion given him by the law, as well as where the doubt arises out of facts and circumstances affecting particular securities in such a way as to cause doubt as to the propriety of their retention or sale, as the case may be.

In the first place, it is to be noted that Section 49(e) 2 expressly applies only to securities which have been "distributed in kind" under Section 49(e) 1, which Section provides for the distribution in kind of securities remaining unconverted upon the distribution of a decedent's estate. In the second place, if this Section, properly construed, requires the taking of jurisdiction of a petition which, like the present one, seeks a purely advisory opinion interpreting the law, then this Court would be obliged to hold it invalid as a legislative effort to turn the courts from tribunals organized to determine controversies judicially into those of giving legal advice, a function not contemplated by our organic law: *Reese*

*v. Adamson,* supra, at 17; *Pittsburgh's Consolidated Charter,* supra, at 507; *Cryan's Estate,* 301 Pa. 386, 391. Whether or not it would be within the judicial power to entertain an application filed in the orphans' court under Section 49(e) 2 for authority and direction to retain or sell specific securities, where the fiduciary entertained an honest doubt as to the propriety of their retention or sale and conversion arising out of factual considerations, is a question not involved in the determination of this case.

The decree is affirmed at appellants' cost.