McTague's Estate.

Argued December 10, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, RHODES and HIRT, JJ.

*Russell J. Brownback*, with him *Roger B. Reynolds*, for appellant.

*Federico F. Mauck,* with him *Franklin L. Wright,* of *Larzelere & Wright,* for appellee.

OPINION BY RHODES, J., February 28, 1941:

Mary McTague died testate on March 8, 1924. She named the Bryn Mawr Trust Company as her executor. Letters testamentary were granted, and the executor, after administering the estate, filed its first and final account on May 9, 1931. By the adjudication of September 28, 1931, it appears that the executor had in its possession a fund in cash of $1,837.75, which was to be paid over to a guardian to be appointed for Mary McCabe, decedent's granddaughter and a minor.

Mary McCabe was born on February 22, 1918. A guardian of her estate was never appointed, and the trust company retained her distributive share. It could not have been appointed guardian of the estate of the minor. Section 59 (c) of the Act of June 7, 1917, P. L. 447, 20 PS §1023. On March 3, 1932, it created an account known as "The Bryn Mawr Trust Company, Agent for Mary McCabe," and thereafter invested $1,950 of the minor's money in certain participation mortgages. The record does not disclose to whom the mortgages were made. When she attained her majority, Mary McCabe refused to accept the investments in kind from the trust company, which, as executor of the last will and testament of Mary McTague, deceased, then filed its second and final account, showing the investments of the distributive share of Mary McCabe, and the cash balance.

Exceptions were filed to the account to the effect that the trust company had held the distributive share without right or authority, and that it had no authority as self-constituted agent to invest her money in participation mortgages. The material exceptions were sustained, and the auditing judge, by adjudication dated December 13, 1939, awarded to Mary McCabe cash in

the sum of $2,121.98, comprising the original distributive share, plus all income derived from its investment, less $257.20, concerning which there is no dispute. The court below dismissed the exceptions filed by the trust company to the adjudication, and confirmed the same absolutely. It has appealed.

The court below was of the opinion that, a first and final account having been filed by the executor and an adjudication made which became final, a second and final account by the executor was probably improper. After that adjudication nothing remained to be done by the executor except to make payment in accordance with the schedule of distribution, and, having failed to do so, Mary McCabe, upon becoming of age, could have instituted an action in assumpsit for the amount payable, with interest at 6 per cent, upon refusal to comply with her demand. See Restatement, Trusts, vol. 1, p. 522, §198; *Estate of George Bear, Deceased,* 9 Pa. Superior Ct. 492, 497. After the balance in the hands of the accountant as executor was awarded by the adjudication of September 28, 1931, under the facts in this case, there was no reason why it should attempt to file a second and final account as Mary McTague's executor. Recognizing the procedure as questionable, the trust company in its brief admits that the account might properly have been captioned as a guardian's, rather than an executor's, account. We shall affirm the decree of the court below, but it shall not be taken as an approval of the procedure adopted, or as a precedent for the future.

The court below disposed of the question as presented, and the same having been argued before us we shall consider it accordingly.

On this appeal it is appellant's position that it should be regarded as a guardian in fact of the estate of the minor, and, in settlement of the account of its guardianship, should be treated as if actually appointed by the

orphans' court, with the identical rights and obligations of a duly appointed statutory guardian. Based on this proposition, appellant's argument is that the court below should have awarded to Mary McCabe, upon the filing of its second and final account in the estate of Mary McTague, either the investments in kind, or the proceeds of their sale or liquidation, because a duly appointed guardian would not be required to replace such investments with cash. Appellant took no action to have a guardian of the estate of the minor appointed, or to have a guardian ad litem appointed pending settlement of the estate of Mary McTague. On the contrary, on June 5, 1933, the president of the appellant trust company wrote a letter to the uncle of the minor, who acted in the capacity of her natural guardian, which conveyed the suggestion that the appointment of a guardian was not necessary, and that it would involve expenses without a corresponding benefit to the minor. Notwithstanding that appellant had been directed by the adjudication of September 28, 1931, to make distribution forthwith of the distributive share of Mary McCabe to a guardian of her estate, to be appointed, it made no move toward compliance, but retained and invested her money, and now asks that she be required to accept securities, which we may properly assume to have a depreciated value. Appellant fails to distinguish between one who has been legally appointed, and has qualified as a guardian of an estate of a minor, and one who has without authority assumed the control of a minor's property. The liability of the latter does not give him the legal protection of the former, otherwise there would be no purpose in having a guardian appointed by the orphans' court, and the giving of bond. Intermeddlers would enjoy all the benefits of the court's protection, but minors' property would be exposed to the hazards and uncertainties which would result from the receipt and control of their property by unauthor-

ized, and, in some cases, financially irresponsible individuals. See *Daniels v. Metropolitan Life Insurance Co.*, 135 Pa. Superior Ct. 450, 457, 5 A. 2d 608.

Distribution of any estate in kind is always the exception and not the rule. *Giese's Estate*, 119 Pa. Superior Ct. 232, 239, 180 A. 711; *McGuffey's Estate*, 123 Pa. Superior Ct. 432, 440, 187 A. 298; *Stollenwerk's Estate*, 134 Pa. Superior Ct. 115, 118, 3 A. 2d 961. " 'The requirements of the law are not met when an accountant, whether administrator, guardian or trustee, proposes to hand over to those entitled to the estate specific property, however acquired, in liquidation of his liability, except as the parties in interest agree to an acceptance of the same': *Weir's Estate*, 251 Pa. 499, 503, 96 A. 1086, 1087. See *Simpson's Estate*, 253 Pa. 217, 223, 98 A. 35, 37. The court may, however, for reasons satisfactory to it, direct distribution in kind. This power is conferred by the provisions of section 49 (e) 1 of the Fiduciaries Act of June 7, 1917, P. L. 447 (20 PS §865) : 'Whenever it shall appear, at the audit and distribution of an estate in the orphans' court, that the balance, after payment of debts, includes stocks, bonds, or other securities, which, for reasons satisfactory to said court, have not been converted by the accountants, it shall be lawful for said court to direct distribution of such assets in kind, to and among those lawfully entitled thereto, including fiduciaries.' See *Dempster's Estate*, 308 Pa. 153, 162 A. 447; *Komara's Estate*, 311 Pa. 135, 166 A. 577": *Giese's Estate*, supra, 119 Pa. Superior Ct. 232, at page 239, 180 A. 711, at page 714.

A legally appointed and qualified guardian may seek to force acceptance of distribution in kind due to the existence of the statutory provision, and not through the exercise of any inherent right. If appellant had been a legally appointed guardian of the estate of Mary McCabe, it could have asked the court below for leave

to make distribution in kind, but as a self-constituted guardian or agent it was in no position to do so. But its liability is such as it would have incurred if it could have been and had been really appointed (*Gilfillen's Estate,* 170 Pa. 185, 191, 32 A. 585), and it is required to account for income and profit (*Hayman's Appeal,* 65 Pa. 433, 435). A quasi guardian may, however, be entitled upon accounting to a credit for proper payments made for the minor's benefit. *Gilfillen's Estate,* supra. A legally appointed guardian of the estate of a minor is an officer of the orphans' court, and the minor is a ward of that court. An application to the court to distribute in kind presupposes, at least, that the fiduciary has been legally appointed, and is subject to the jurisdiction of the court as such. A guardian is entitled to such consideration if, as an officer of the court, he has acted in conformity with the law, and has given reasons satisfactory to the court.

We find no ground upon which the court below should have attempted to direct Mary McCabe to accept from appellant securities instead of cash in payment of her distributive share in the estate of Mary McTague, deceased.

Decree of the court below is affirmed, at the cost of appellant.