## Lee's Estate.

Argued May 14, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*William C. Ferguson, Jr.,* of *Strong, Saylor & Ferguson,* for appellant.

*Lloyd J. Schumacker,* for appellee.

OPINION BY MR. JUSTICE LINN, June 30, 1941:

This was a petition by guardians of a minor's estate averring that, on the adjudication of a decedent's es-

tate, certain non-legal investments had, at their request, been awarded to them in kind as the property of the minor. The schedule of distribution was approved February 16, 1940. Petitioners averred that they "are doubtful as to the propriety of retaining" 19 of the investments received; that they "are of the opinion that such non-legal securities should not now be sold . . . ."; they asked a decree "under Section 49 (e) 2 of the Fiduciaries Act of 1917, as amended, (20 PS 866), permitting them to retain the securities . . . ." Their petition was dismissed and this appeal was taken. The guardian ad litem appeared in this court in support of the decree dismissing the petition.

Section 49 (e) 1, 20 PS section 865, of the Fiduciaries' Act of 1917, P. L. 447, reads: "Whenever it shall appear, at the audit and distribution of an estate in the orphans' court, that the balance, after payment of debts, includes stocks, bonds, or other securities, which, for reasons satisfactory to said court, have not been converted by the accountants, it shall be lawful for said court to direct distribution of such assets in kind, to and among those lawfully entitled thereto, including fiduciaries."

Section 49 (e) 2 of the Fiduciaries' Act, amended 1937, P. L. 1037, 20 PS section 866, provides: "Where stocks, bonds, or other securities have been distributed in kind, as above provided, to any fiduciary, if such fiduciary be doubtful as to the propriety of retaining or making sale of such securities, he may apply to the orphans' court having jurisdiction of his accounts, by petition, for authority and direction to retain or sell the same; whereupon, after due notice to all parties interested, the said court shall make such order in the premises as to it may appear proper."*

While petitioners aver they are "doubtful as to the

---

* This section was held not to authorize an order where the securities had not been received as provided in Section 49 (e) 1: *Rebmann's Estate*, 338 Pa. 120, 12 A. 2d 350.

propriety of retaining" the securities, it may be noted that they asked for them, less than a year before, and were content to receive them as investments.

In disposing of the petition now before us, the court referred, among other matters, to the principle applied in proceedings under the Uniform Declaratory Judgments Act of 1923, P. L. 840, 12 PS section 831 et seq., as amended; and stated that section 49 (e) 2 was intended to authorize the court to entertain the petition where, as in declaratory judgment proceedings, an actual controversy or antagonistic claims existed between contending parties which indicated imminent and inevitable litigation, but that the petition disclosed "no controversy nor the ripening seeds of one." Lastly, the court pointed out that "the exparte statements contained in the petition concerning the 'pro and con' of the wisdom of selling or retaining the securities, would not of themselves constitute sufficient data to enable the court intelligently to pass upon the application. Far more expert investigation and analysis would be required, and would possibly necessitate a reference to a Special Master."

In the argument in this court, important questions as to the scope of the authority conferred by the Act were presented, but, in view of the conclusion reached, we need not now consider them. Nineteen investments are the subject of the petition; their total inventoried value is $47,914.13 and the market value is given as $47,545.00.

Section 49 (e) 2, supra, provides that, in cases within the Act, the "court shall make such order in the premises as to it may appear proper," thereby vesting discretion in the court to which the petition is addressed: compare *Stollenwerk's Estate*, 134 Pa. Superior Ct. 115, 3 A. 2d 961. Section 9 (a) of The Orphans' Court Act of 1917, P. L. 363, 20 PS section 2241, confers extensive jurisdiction over a minor's estate. Assuming, but not deciding, that the case is within the Act, the question is whether abuse of discretion appears. In

determining whether discretion was judicially exercised in dismissing the petition, it is necessary to consider exactly what petitioners propose to accomplish. The allowance of the petition would constitute authority to retain non-legals and would shift the burden of proving want of due care from the fiduciary to the minor if loss resulted. It is important to note that the term of the trust is now very short; the minor will be of age in a year and a half. In view of that fact, an element of practical importance for consideration is whether, for the purpose of transferring the burden of proof to the minor, her income during that comparatively short period, should be reduced by the cost of the inquiry necessary, as was said below, to enable the court properly to exercise the discretion vested in it by the statute. It is quite apparent from an examination of the list of the securities in the light of reports concerning them quoted in the petition, that a master would be necessary and that he would be required to consider each of the 19 investments in detail for the purpose of advising the court. The expense of such a reference, including counsel fees of both petitioners and the guardian ad litem, would probably be a sum entirely disproportionate to the value of the ultimate result reached. We find no abuse of discretion.

Decree affirmed; costs to be paid out of income.