**REDDITT et al. v. HALE et al.**

No. 14159.

United States Court of Appeals
Eighth Circuit.

Oct. 17, 1950.

Thomas F. Turley, Jr., Memphis, Tenn. (Hal B. Mixon, Marianna, Ark., on the brief), for appellants.

Joe C. Barrett, Jonesboro, Ark. (Charles Frierson, Berl S. Smith and Archer Wheatley, all of Jonesboro, Ark., on the brief), for appellees.

Before SANBORN and THOMAS, Circuit Judges, and DEWEY, District Judge.

THOMAS, Circuit Judge.

This is an appeal by plaintiffs from an order sustaining a motion of defendants to dismiss the complaint for want of jurisdiction. Jurisdiction was predicated upon diversity of citizenship and a demand for

judgment in the amount of $142,200. The complaint alleges that plaintiffs are all residents and citizens of Shelby County, Tennessee, and defendants are residents and citizens of Crittenden County, Arkansas, or foreign corporations domesticated and doing business in Arkansas.

In 1924 Aquilla Redditt, Ernest Redditt, James Williford Redditt and Mildred Ion Redditt inherited from their deceased mother 1187 acres of land in Crittenden County, Arkansas. In the same year the four children were adjudged to be of unsound mind by the probate court of Tennessee, and a guardian was appointed for them. In 1949 Ernest Redditt died and plaintiff Bennett H. Hurt is now guardian of the persons and estates of the three living owners of the land in Arkansas and the qualified administrator of the estate of Ernest Redditt, deceased.

By appointment of the probate court of Crittenden County, Arkansas, defendant James C. Hale is curator of the estates of plaintiffs in Arkansas, succeeding Howard Curlin, deceased.

Defendant Kathleen Kirk Williford is the executrix of the estate of J. E. Williford, deceased, by appointment of the probate court of Crittenden County, Arkansas.

Defendant Fidelity and Casualty Company of New York was surety on the bond of Howard Curlin, predecessor curator of defendant Hale; and defendant National Surety Corporation of New York is surety on the curator's bond of defendant Hale.

For their cause of action plaintiffs allege that during the 17 years from 1933 through 1949 defendants have failed to pay to plaintiffs the fair and reasonable rental value of plaintiffs' land in Arkansas in the amount of $142,200, for which judgment is demanded "Against the individual defendants and each of them * * *." The prayer of the complaint asks, also, that defendants be enjoined from "occupying, molesting or in anywise dealing with the Crittenden County lands of the complainant heirs" and from taking any further steps in the probate court of Crittenden County, Arkansas, or from filing other suit or action relative to the subject matter of this suit.

A decree against the corporate defendants is demanded in the amount of their bonds only.

The motion to dismiss alleges want of jurisdiction on the ground "that the subject matter of this litigation is now in the jurisdiction of the Probate Court of Crittenden County, Arkansas, which court appointed Defendant Hale as curator, and which court has had supervision over the curatorship since June 7, 1934 * * *", and in which court there is "a petition [pending] for accounting of the curator and removal of property to the domicile of the wards * * *." In brief, defendants contend (1) that the cause of action alleged in the complaint is exclusively within the jurisdiction of the probate court of Crittenden County, Arkansas, and (2) that this suit is barred because there is "another action pending" in the probate court of Crittenden County, Arkansas, involving the same parties and the same cause of action.

The court in ruling upon the motion to dismiss filed no opinion disclosing upon which alleged ground, or both, the motion to dismiss was sustained.

A further difficulty arises from the fact that the complaint is in one count. Apparently the liability, if any, against the several defendants is not the same. Howard Curlin, who died in 1941, is alleged to have been appointed curator of plaintiffs' lands in Arkansas on January 16, 1933. Defendant Fidelity and Casualty Insurance Company was surety on his $10,000 bond. Defendant James C. Hale was appointed curator December 20, 1941, and National Surety Corporation is surety on his $5,000 bond. Defendant James C. Hale cannot reasonably be held personally responsible for inequitable rentals prior to the date of his appointment as curator. Nor should Kathleen Kirk Williford, under the allegations of the complaint, be held responsible individually for unreasonable and unfair rentals accruing against her husband as tenant prior to his death on July 13, 1949.

It should be observed, also, that in their complaint plaintiffs demand not only a judgment for money against each of the defendants individually, but also for an in-

junction against each of them, enjoining each of them from taking any further steps in the probate court of Crittenden County, Arkansas, or from proceeding with any other suit or action relative to the subject matter of this suit.

If we assume the sufficiency of the complaint and that proof of its allegations would entitle plaintiffs to the judgment demanded, then the action in the federal court must be abated, in part at least, pending the conclusion of the action brought by plaintiff Hurt as guardian and administrator in the probate court of Crittenden County, Arkansas, against James C. Hale, curator, to recover funds in his custody, to take from Hale the custody of the wards' lands in Arkansas, and to give the custody of such lands to Hurt. In that action, wherein the petition was filed in the probate court on November 2, 1949, Hurt also alleges that the curatorship in Arkansas burdens the estates of his wards with needless expenses and delays the use of their funds for their benefit.

■ That action was commenced before the present action was brought in the federal court, and so far as the record discloses it is still pending. It is an action *quasi in rem*. Control of the funds was essential to the jurisdiction of the court to grant the protection to plaintiffs which they sought. Without dismissing that proceeding plaintiffs now contend that the probate court is without jurisdiction. Plaintiffs cannot thus maintain such contradictory positions at the same time. The principle is applicable that the court, federal or state, which first assumes jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other. United States v. Bank of New York & Trust Co., 296 U.S. 463, 477, 56 S.Ct. 343, 80 L.Ed. 331. In so far, therefore, as the suit pending in the probate court of Arkansas seeks to recover funds in the custody of the curator, and the lands in his custody, it is a suit in rem; and the present suit in the federal court seeks to take that same property consisting of funds and lands away from the custody of the Arkansas court and vest it in the custody

of the guardian and administrator appointed by the Tennessee court.

■ Further, "the pendency in a state court of an action brought by the plaintiff in a subsequent action between the same parties in the federal court, and which involves the same subject-matter, presents no bar and furnishes no ground for the abatement of the later action. * * * But where one of the courts has secured possession or dominion of specific property by proper process, the suit in the co-ordinate jurisdiction to affect the same property should not be dismissed, but before a seizure of the property is made therein it should be stayed until the proceedings in the court which first obtained jurisdiction of the property are concluded, or ample time for their termination has elapsed." Barber Asphalt Pav. Co. v. Morris, 8 Cir., 132 F. 945, 948. See Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226.

■ The rule of a "pending suit" thus applies to the demand of plaintiff Hurt against curator Hale to recover from him the funds and the lands which he admits are in Hale's custody. The law requires the abatement of those claims in the federal court until they have been decided in the state court of Arkansas, or for a reasonable length of time. The rule would not apply to the other claims of plaintiffs based upon the tortious or fraudulent acts of those defendants who are charged with fraudulently withholding fair and reasonable rentals due plaintiff Hurt for use of his wards' lands situated in Arkansas.

■ A curator is a guardian appointed by the court to control property of a minor. He is not a guardian of the person. 39 C.J.S., Guardian and Ward § 3; In re McTague's Estate, 144 Pa.Super. 30, 18 A.2d 532. The curator appointed by the probate court of Arkansas is an officer of that court, and his possession of the wards' assets in Arkansas is the possession of the court which appointed him. Byers v. McAuley, 149 U.S. 608, 13 S.Ct. 906, 37 L.Ed. 867.

The alleged claims of the Tennessee guardian and administrator against defendants other than Hale are in a different category. They consist of property rights of which Hale never took possession and they are not in the possession of the probate court of Arkansas. No one in Arkansas has any right to those alleged assets. They belong to plaintiff Bennett H. Hurt, the domiciliary guardian and administrator in Tennessee. He is the only person entitled to maintain this suit. The curator's possession of the lands in Arkansas is not a bar, therefore, to a civil action in equity in a court of the United States to compel an accounting for assets wrongfully withheld and not in the possession of the curator. Hayes v. Pratt, 147 U.S. 557, 570, 13 S.Ct. 503, 37 L.Ed. 279. The prayer for an injunction does not affect the foregoing conclusion. Such a suit is in personam and not in rem. Kline v. Burke Construction Co., supra; Armour & Co. v. Miller, 8 Cir., 91 F.2d 521.

The contention of defendants that plaintiff Hurt as a foreign guardian and administrator cannot maintain a suit in the federal court of Arkansas is, therefore, without merit. Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., so far as pertinent, provides that in all cases other than a corporation the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held * * *", that is, in this instance, by the law of Arkansas. Section 805, Title 27, Arkansas Statutes of 1947, provides that "Administrators, executors and guardians, appointed in any of the States, Territories or Districts of the United States, under the laws thereof, may sue in any of the courts of this State, in their representative capacity, to the same and like effect as if such administrators, executors, and guardians, had been qualified under the laws of this State", provided they file a cost bond. See Sewell v. Benson, 198 Ark. 339, 128 S.W.2d 683; Texas Co. et al. v. Sewell, 202 Ark. 34, 149 S.W.2d 925. Other contentions of the parties are without merit.

The result is that the action against defendant James C. Hale and the surety on his bond, National Surety Corporation of New York, should be abated until the action against him pending in the probate court of Crittenden County, Arkansas, is disposed of in that court, or for a reasonable length of time; and since under Rule 20(a) of the Federal Rules of Civil Procedure "Judgment may be given * * * against one or more defendants according to their respective liabilities", if any, the judgment of dismissal as to the other defendants must be, and it is, reversed and the case remanded to the district court for further proceedings consistent with this opinion.

Reversed.