## McDonough et al. v. City of Scranton

Before Eagen and Robinson, JJ.

*James J. Powell, Jr.*, for petitioners.

*James W. McNulty*, for defendant.

ROBINSON, J., April 4, 1951.—This is a petition under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, and its amendments; 12 PS §831 et seq.

Petitioners allege that they are township commissioners and township controller, respectively, for the Township of Lackawanna, duly elected at the general election held on November 8, 1949; that at the same election the electorates of the City of Scranton and the Township of Lackawanna voted to annex the township to the City of Scranton; that a decree of annexation was entered by this court on December 30, 1950; that under the provisions of the Annexation Statute of June 15, 1939, P. L. 372, sec. 8; 53 PS §10718, they are entitled to their salaries and are entitled to be assigned by the mayor of the annexing city to the performance of suitable services and duties "as will be in the public interest of the city and particularly of the annexed portion thereof" and that the commissioners are entitled to salaries of $200 each per annum while the controller is entitled to $500 per annum.

The petition prays for a decree declaring that petitioners are entitled to their respective offices, and to the emoluments thereof, and asks for judgment that the Mayor of the City of Scranton assign them duties and that the City of Scranton pay salaries to petitioners.

Defendant filed an answer, raising questions of law, alleging that petitioners have an adequate remedy in the form of an action in mandamus.

Insofar as petitioners seek a declaration of their status as public officials because of the annexation, they are merely asking this court for an advisory opinion. In Schoenbrun et al. v. Nettrour et al., 360 Pa. 474, it is stated:

"Organically, courts are not instituted to render advisory opinions either by way of a declaratory judgment or otherwise: Cryan's Estate, 301 Pa. 386, 390-391, 152 A. 675; see also Reese v. Adamson, 297 Pa. 13, 16-17, 146 A. 262; Pittsburgh's Consolidated City Charter, 297 Pa. 502, 506, 147 A. 525."

The petition does not set forth a conflict in any respect between the officials of the city and the officials of the former township. No controversy is pleaded as to petitioners' status and no facts are averred indicating that petitioners were prevented from performing any duty required of them by law. Further, it does not appear from the pleading that petitioners have any duties to perform. They are merely looking for political jobs.

The granting of a petition for a declaratory judgment is a matter almost entirely within the discretion of the court and it should not be permitted where the determination sought can be had as expeditiously in another proceeding. See Stofflet & Tillotson v. Chester Housing Authority, 346 Pa. 574. This is particularly true where the facts recited in the petition disclose that the matter can be promptly pursued in actions under the Pennsylvania Rules of Civil Procedure: Allegheny County v. Equitable Gas Company, 321 Pa. 127.

Here we are asked to order the City of Scranton to pay salaries to petitioners. The relief sought may properly be had in an action of assumpsit against the city. The portion of the prayer in which we are asked to order the Mayor of Scranton to assign to petitioners "suitable duties and services" is so indefinite as to be

incapable of adjudication in any proceeding. Were the element of uncertainty removed and the duties and services capable of exact description and definition, petitioners, if they were entitled, could properly seek relief in an action of mandamus. Also, it is doubtful that the entire controversy, if there were one, could be determined in the one proceeding.

Now, April 4, 1951, the petition for a declaratory judgment is dismissed. Exceptions are allowed petitioners.