## Kittredge Estate

*Bernard L. Frankel,* and *Fox, Rothschild, O'Brien & Frankel,* for accountant.

*Jerome B. Weinstein,* for purchaser.

*David F. Maxwell,* for guardian and trustee ad litem.

BOLGER, J., January 8, 1962.—Decedent died January 21, 1957. This trust arose under his will dated August 11, 1932, and codicils dated October 24, 1939, and May 6, 1945, copies of which are annexed . . .

At the audit, it was noted as set forth in the account which has been supplemented, that 10 shares of Cincinnati, New Orleans and Texas Pacific Railway Company stock was sold January 25 at a gain of $662.50 over carrying value.

By the second codicil to his will, testator expressly gave to his trustee the power to sell all of his stocks ". . . except all of my holdings in the common stocks of three corporations, to wit:

"1. Norfolk & Western Railway Co.,

"2. Bethlehem Steel Corporation,

"3. The Cincinnati, New Orleans & Texas Pacific Railway Co.

"That is to say, by this second Codicil, I enjoin said Trustee to hold and preserve my entire stock holdings in three companies named herein as a permanent part of the corpus or principal of my Estate as Trustee."

At the audit, a petition was presented seeking a decree expressly authorizing the sale of the 10 shares to S. Nathan Snellenburg.

It should be noted that on April 22, 1960, the court en banc, by Klein, P. J., denied a petition requesting authority to sell the above-mentioned stock. Judge Klein cited Carwithen's Estate, 327 Pa. 490, and Reb-

mann's Estate, 338 Pa. 120, for the well-known proposition that the court cannot give an advisory opinion.

At the present audit, there has actually been a sale and the court is now requested in this adjudication to take cognizance of the sale and to approve it. There was substantial testimony at the audit and subsequently the guardian ad litem received expert testimony, the tenor of which clearly indicated that irreparable harm could be suffered if the strictures of the testator were binding. It is unnecessary in this adjudication to state the facts on which the experts based their opinion. It is sufficient to note that the testimony was convincing.

In his report . . . the guardian and trustee ad litem carefully reviews the testimony and frames the legal question involved. It is concluded that the court has the authority to decree a sale despite the express prohibition contained in the will, if the failure to sell might defeat the purpose of the trust. The report cites several cases including Girard Estate, 73 D. & C. 42; Lehigh University v. Hower, 159 Pa. Superior Ct. 84, and two New York cases: Matter of Pulitzer, 139 N. Y. Misc. 575, and Matter of Roche, 233 N. Y. App. Div. 236.

The report of the guardian and trustee ad litem and the sale of the 10 shares of Cincinnati, New Orleans and Texas Pacific Railway Company stock are approved.

The latter approval cannot be construed as blanket authority to proceed to liquidate the stock in the three corporations. The trustees must exercise their best judgment and discretion to determine when other units of the stock will be sold, and should they so decide, an appropriate petition must be presented to this court enumerating the number of shares to be sold and the sale price to be obtained.

If it is the judgment of the trustees to proceed in

order to avoid delays, petitions looking for approval may be presented in chambers.

*Decree*

And now, January 8, 1962, the sale of 10 shares of Cincinnati, New Orleans and Texas Pacific Railway Company common stock to Nathan Snellenburg for $1,515 on January 25, 1961, is approved.