## Thomas, Administrator, v. Moyer.

*Practice, C. P.—Affidavit of defence—Notary public—Affidavit taken by defendant's attorney.*

1. An affidavit of defence will not be stricken off on the ground that the defendant's affidavit was taken before his own attorney, who was also a notary public, in the absence of a rule of court forbidding the same.

*Jurisdiction, O. C. and C. P.—Suit for share of estate.*

2. Judgment will be entered for the defendant where the plaintiff's statement of claim shows that the suit is brought to recover the unpaid balance of the plaintiff's distributive share in an estate. The jurisdiction of the Orphans' Court in such cases is exclusive.

Affidavit of defence raising questions of law. Rule to strike off affidavit of defence. C. P. Bucks Co., Sept. T., 1921, No. 63.

*Harman Yerkes*, for plaintiff; *Harry E. Grim*, for defendant.

RYAN, P. J., Dec. 12, 1921.—The affidavit of defence was sworn to before Harry E. Grim, Esq., a notary public, who is the attorney of record for the defendant. The rule was granted upon a motion to strike off the affidavit of defence upon that ground, the plaintiff alleging that for that reason the affidavit "is irregular and insufficient." The practice is to be condemned; nevertheless, in the absence of any statutory prohibition or rule of court to the same effect, the affidavit cannot be held to be void. In Ayer v. Sterneck, 18 Phila. 310, the defendant filed an affidavit of defence which was sworn to before a notary public who was a member of the firm of attorneys representing the defendant. It was objected to as insufficient because in contravention of a rule of court. The court said that this would prevail if the affidavit set up any facts by way of defence; but, being nothing more than a

1 D. & C.

demurrer to the copy of the book entries filed, it ought to be considered. While this was decided before the enactment of the Practice Act of May 14, 1915, P. L. 483, it is analogous to the case at bar. The court considered the affidavit of defence because it was not in violation of the rule cited, and sustained the legal objection which the defendant raised therein. There is no such rule in this court. In Bowman v. Blough, 33 Lanc. Law Rev. 202, an affidavit taken before a member of the bar in the case was held to be void, but because it violated a rule of court forbidding it. This rule will be discharged. This brings us to the consideration of the question of jurisdiction raised by the affidavit of defence. It avers that this court is without jurisdiction, the jurisdiction of the Orphans' Court being exclusive. The cause of action, as disclosed by the plaintiff's statement of claim, is unpaid balances due to the plaintiff's decedent from the estates of John Bartenback, deceased, and Catherine Bartenback, deceased, of which the defendant was the administrator. The statement, in the second paragraph, alleges that the defendant "as such administrator filed his accounts in the Orphans' Court of Bucks County aforesaid on Aug. 21, 1897, showing a balance for distribution in said estates of $5325.65." Credit for certain payments on account is admitted by the plaintiff, and a balance of $842.72 only is claimed. The plaintiff's remedy is in the Orphans' Court, whose power to enforce distribution in a decedent's estate is exclusive. See Black's Executor v. Black's Executors, 34 Pa. 354.

And now, to wit, Dec. 12, 1921, the rule to strike off is discharged, judgment is entered upon the question of law raised by the affidavit of defence in favor of the defendant, and the suit is dismissed, at the cost of the plaintiff.

From Calvin S. Boyer, Doylestown, Pa.