## Hensel et al. v. Integrity Trust Co. et al.

*Lowenstein & Winokur*, for plaintiffs.

*Wolf, Block, Schorr & Solis-Cohen*, for defendants.

MACNEILLE, J., June 23, 1938.—The cestuis que trustent, by a bill in equity filed in common pleas court, asked relief from a fraud perpetrated by the trustee.

The trust arose in this way: Charles D. Colladay left one fifth of his residuary estate to his trustees in trust for Sarah E. Chorley, to invest the principal in such

securities as trust funds may by law be invested, and after the death of Sarah E. Chorley the principal to be given to such persons as by her last will and testament she might appoint. She died February 18, 1932, and by will appointed and designated as the beneficiaries her seven nephews and nieces, six of whom join in this complaint; the seventh, Henry G. Colladay, assigned his interest to Clarence E. Hall named herein as a defendant.

During the lifetime of Sarah E. Chorley, the trustees under the will of her father, Charles D. Colladay, died, and on January 31, 1919, the Columbia Avenue Trust Company became substituted trustee. Following the appointment of the Columbia Avenue Trust Company as substituted trustee it made certain investments in mortgages and share mortgages. These mortgages had previously been in the individual portfolio of the Columbia Avenue Trust Company.

Sarah E. Chorley lived until February 18, 1932. The Columbia Avenue Trust Company became trustee on January 31, 1919, and so acted until January 29, 1929, when it merged with the Integrity Trust Company, a defendant herein.

The first and final account of the trustee was filed in the Orphans' Court of Philadelphia County after the death of Sarah E. Chorley. There was an adjudication and an order of distribution to the holders of the seven shares. The complainants did not at that time know of the fraud of which they now complain, and did not know until May 20, 1938, when they formally filed this bill praying that the Integrity Trust Company, succeeding trustee, be required to restore to the Sarah E. Chorley Trust the sums of money appropriated by the Columbia Avenue Trust Company for the purpose of the investments of which complaint is made.

We are now considering the petition of defendant, the Integrity Trust Company, for dismissal of the bill, and the question raised is whether or not the common pleas

court can have jurisdiction of the subject matter. This question is based largely on the theory that the orphans' court having adjudicated the account of the trustee, and having decreed distribution of the assets of the estate, the courts of common pleas cannot now take jurisdiction.

A situation involving a question very similar to the one involved in this case came before the Supreme Court in the case of Mauser et al. v. Mauser et ux., 326 Pa. 257, where in a per curiam opinion the court said:

"John F. Mauser died on December 7, 1930, giving to his widow, Mahala, a life estate in all his property with power to consume. In 1933 letters testamentary were issued to Alonzo, his son. Mahala died September 15, 1934, intestate, and on July 31, 1935, William, another son, was granted letters of administration on her estate. On the same day William and a third son, Charles, brought a bill in equity against Alonzo and his wife, alleging that the defendants had wrongfully converted property belonging to the estate of John F. Mauser to their own use, and had fraudulently induced Mahala, during her lifetime, to convey certain property to them, asking that they be declared trustees ex maleficio of all such property for the benefit of the complainants and heirs. The bill prays a discovery, an accounting and a distribution of the trust property to the remaindermen under the will of John F. Mauser according to their respective shares. Defendants filed a petition to dismiss the bill, challenging the jurisdiction of the court upon the grounds that the matter was within the exclusive jurisdiction of the Orphans' Court. After hearing, defendants' petition was granted and the bill dismissed for lack of jurisdiction. This appeal followed.

"Appellants assert that equity has jurisdiction of the matter in controversy because it is predicated upon the fraud of appellees in dealing with the property of the estate of John F. Mauser and because the Orphans' Court

has no power to decree a discovery or to compel transfer of property now in the hands of the appellee Sarah. These contentions are utterly without foundation.

"The purpose of the bill as to the items of property mentioned therein is to compel its return and a distribution of such property admittedly belonging to the estate of John which, it is charged, was wrongfully converted by appellees after his death. All of this property is within the jurisdiction of the Orphans' Court, regardless of who may now hold it. See *McGovern's Estate*, 322 Pa. 379; *Cutler's Estate*, 225 Pa. 167. The estates of John and his wife are being administered in the Orphans' Court, and its jurisdiction to the end desired is complete and exclusive. See *Tyson* v. *Rittenhouse*, 186 Pa. 137. That court has the full powers of equity, within its limited jurisdiction, to make any decree necessary to the proper administration of these estates. See *Mains's Estate*, 322 Pa. 243; *McGovern's Estate, supra*."

Similarly, in the case of Mains' Estate, 322 Pa. 243, 247, the court said:

"The record shows accounts to have been filed and presumably they embraced all the trust property and showed all trust transactions to the date of filing. The orphans' court was correct in holding that it had no power to take jurisdiction over the matter as presented. A petition for review is the only procedure to obtain a reëxamination of matters already adjudicated: *Howell's Est.*, 5 W. N. C. 430; *Downing's Est.*, 5 Watts 90. Without review in the proper way these accounts close the door to a proceeding such as this."

In the case of Wilson, Mayor, v. Board of Directors of City Trusts et al., 324 Pa. 545, the court said:

"It is clear therefore that the orphans' courts of Pennsylvania have exclusive jurisdiction over the control, administration and management of all trust estates created by will and are responsible for the proper management,

administration and preservation by the trustees of the trust res.

"The scope of the powers that may be exercised by that court in relation to the administration, management and control of the trust property is ample for all purposes. It has been held that testamentary trustees are officers of the court (*Laverelle's Estate*, 101 Pa. Superior Ct. 448) and it is only right and proper that they should be subject to the control of the court to which they must account, which may surcharge them for dereliction in office and determine whether such dereliction has taken place." . . .

"The scope of supervisory control of necessity includes any matter which concerns the integrity of the trust res —its administration, its preservation and its disposition and any other matter wherein its officers [trustees] are affected in the discharge of their duties. . . . There should be no divided authority or power, as it weakens the ultimate object to be attained and one court alone should be responsible. See *Seibert's Appeal*, supra; *Brown's Appeal*, supra. No other court or body should be permitted to intermeddle with their control unless it be by express, definite and positive enactment by the legislature. As has been stated, the power of the orphans' court has grown extensively, modelled after a court of chancery with similar means to regulate and enforce its decrees and orders: *Shollenberger's Appeal*, supra; *Wilson Black's Executor v. Marcus Black's Executors*, 34 Pa. 354. Within its appointed sphere the jurisdiction of the orphans' court is complete and exclusive. It continues as long as the trust res is administered by the trustee, and ends when that res is delivered to the beneficiary or the ones entitled thereto by will: see *Watson's Estate*, 314 Pa. 179." Similar conclusions were reached in the case of Meurer v. Stokes, 246 Pa. 393.

The cases cited on behalf of plaintiffs are not cases in which the question of jurisdiction was raised, and we have found no case in which the question was raised that resulted differently from our conclusions here drawn.

Under the authority of the above-cited cases we are, therefore, compelled to hold that this court has no jurisdiction over this litigation.

For the reasons indicated, defendants' rule to dismiss the bill of complaint is made absolute without prejudice to plaintiffs' rights to institute other proceedings in the orphans' court to assert their rights.