## McIntyre's Estate

*W. Albert Sanders*, for motion.

LADNER, J., October 7, 1938.—This was a written motion for an order on the clerk to place on the audit list the appeal taken by Edward McManus and Winifred McManus from the register's assessment of inheritance tax.

The clerk, we are informed, refused to place the appeal on the audit list because our Rule 5(*b*) (O. C. Rules) requires the appellant from a judicial act or decision of the register to present a petition for a citation setting forth what has been done and the facts and circumstances on which he relies. This had not been done.

It is contended that the clerk erred in so doing because section 13 of the inheritance tax Act of June 20, 1919, P. L. 521, as most recently amended by the Act of July 15, 1935, P. L. 1028, sec. 1, makes this procedure unnecessary and that our Rule 5(*b*) should now be restricted in its application to the other kinds of appeals such as, for example, appeals from probate.

We think the clerk is correct in his position and that Rule 5(*b*) must be complied with in this as in other ap-

peals. Section 13 of the inheritance tax act, as amended by the Act of 1935, supra, now reads as follows:

"Section 13. Any person not satisfied with any appraisement of the property of a resident decedent may appeal, within thirty days, to the orphans' court, on paying or giving security to pay all costs, together with whatever tax shall be fixed by the court. *The appeal shall specify all the objections to said appraisement, and any objections not specified in the appeal shall not be considered by the court.* Upon such appeal, the court may determine all questions of valuation and of the liability of the appraised estate for such tax, subject to the right of appeal to the Supreme or Superior Court."

The italicized portion is the new matter in the section added by the amendment of June 22, 1931, P. L. 689. It provides what the appeal must contain but it does not purport to regulate our practice or procedure. Section 10 of the Orphans' Court Act of June 7, 1917, P. L. 363, confers upon us plenary power to regulate our procedure and our right to do so is beyond question: Laverelle's Estate, 101 Pa. Superior Ct. 448.

Nor are we impressed with the argument that since the amendment of 1935 compliance with our Rule 5(*b*) has become a needless formality. The procedure required in that rule is just as necessary now as before the Act of 1935, because by petition, answer and replication the issues to be pressed are clearly defined as well as the production of proof of admitted facts avoided; all of which is highly desirable in an efficient administration of justice.

The bar should take note, however, that appellants in taking their appeal must now specify *in the appeal itself* or as part thereof all the objections which they seek to raise, for the scope of the appeal cannot be enlarged by adding in the petition objections not set forth in the appeal.

The motion is dismissed without prejudice to the right of appellant to file a petition for a citation in conformity with our Rule 5(*b*).