## Schumann's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

*C. Wilfred Conard* of *Conard & Middleton*, for petitioners.

*Philip A. Bregy* and *James M. Brittain* of *MacCoy, Brittain, Evans & Lewis*, for respondent.

SINKLER, J., May 7, 1943.—Testator died November 27, 1893, leaving a will which was duly probated, whereby he devised his residuary estate to his wife, and one Charles Class, in trust, to pay the income to his wife for life, and upon her death to pay the income to his daughter, Lillie Foerderer, for life, with a spendthrift provision. Upon the death of the daughter it is directed that the income be applied for the use of the child or children of his daughter until they arrive at the age of 21 years, when the principal of the trust is to be paid to them, with further provision not necessary to recite.

Testator's widow is deceased; likewise, the co-trustee.

By decree of this court entered December 19, 1903, the Commonwealth Title Insurance & Trust Company (now the Provident Trust Company of Philadelphia) was appointed substituted trustee, and since that date has acted as sole trustee of the estate.

Testator's daughter, Lillie Foerderer, is the life tenant; her daughter and only issue is the remainderman. The former has assigned and conveyed to the latter all her interest in the trust estate.

On February 10, 1943, a decree was entered by this court, sur petition of Lillie Foerderer and Elsie Foerderer, directing that a citation issue against the trustee to show cause why (1) it should not sell any of the real estate belonging to the trust which has been taken in foreclosure of mortgages, without the consent of the life tenant and remainderman; (2) it should not sell designated premises in the City of Philadelphia for a specified sum; (3) it should not sell real estate belonging to the trust, which has been taken under foreclosure, at prices which involve a sacrifice of income to the the life tenant; and (4) it should not, upon receipt of an agreement to indemnify against loss or surcharge by the life tenant and remainderman, invest the principal of the trust estate in safe securities, but without the necessity of being such as are by law provided for trustees to invest in. To this petition an answer was filed by the trustee, and we are now to determine the preliminary question whether this court has jurisdiction.

This court has jurisdiction to intervene when gross abuse of discretion in the management of a trust estate impends, but is without authority where ordinary exercise of discretion is involved.

The relief sought in the first three paragraphs of the decree is, in effect, an injunction against the trustee, restraining it from selling real estate of the trust es-

tate without the consent of the life tenant and remainderman. The final clause of the will authorizes the trustees "to make sale of any or all of my real estate if they deem it best for the interests of my estate", etc. Therefore, there exists the testamentary authority in the trustees to exercise their discretion in the sale of the real estate, in addition to the discretion with which they are endowed by law. Manifestly this court is without authority to impose any restraint upon the exercise of the discretion so given to the trustee in the absence of evidence of a clear abuse of discretion by the trustee.

Respecting the relief sought by the fourth paragraph, the clause of the will, a part of which is hereinbefore quoted, concludes that the proceeds of sales of testator's real estate "are to be invested in United States, State of Pennsylvania or Philadelphia City loans or first mortgage on real estate in Philadelphia or ground rent." Thus we are asked not only, as recited in the decree, to relieve the trustee of the necessity of investing in such securities as are by law provided for trustees to invest in, but to violate the direction contained in the will. The sole authority contained in the will respecting investments is that just recited, and it relates only to the proceeds of the sale of testator's real estate. There is no provision in the will respecting the investment of principal derived from any other source. Therefore, as to such principal, the trustee is limited to what are known as legal investments for trust funds. This court is without authority to alter or enlarge the power of investment by the trustees.

Our conclusion is so free from doubt that it would seem scarcely necessary to add anything to what has already been written. The briefs of counsel for petitioners and for respondent are, however, such as to merit comment upon their respective contentions.

Petitioners contend "that the whole fee of the estate is now vested in Lillie Foerderer and Elsie Foerderer,

either under the will of Ferdinand Schumann or by reason of the deed of Lillie Foerderer to Elsie Foerderer, or as next of kin of Ferdinand Schumann, the original testator. It is a simple case of a life estate with remainder in fee."

Even if this contention be sustained, the determination of the questions now before us is not affected thereby.

Petitioners rely upon the Orphans' Court Act of June 7, 1917, P. L. 363, sec. 9 (b) :

"The appointment of trustees for any persons interested in the real or personal estate of any decedent, and the control, removal, discharge, and settlement of the accounts of trustees so appointed, and of testamentary trustees, whether the testamentary trustees be appointed nominatim or virtute officii."

The authority given to this court respecting the control, removal, discharge, and settlement of accounts of trustees does not confer upon us authority to supersede the exercise of discretion by trustees. The cases relied upon by petitioners include Laverelle's Estate, 101 Pa. Superior Ct. 448. An examiner of this court learned that the trustee was keeping securities belonging to his trust estate mingled with other securities, and directed that he rent a safe deposit box in his name as trustee of the estate, wherein the securities belonging to the estate alone should be kept. The trustee appealed to this court, which upheld the authority of the examiner, and the Superior Court dismissed an appeal taken by the trustee. This case is clearly to be distinguished from the present proceeding. The manner in which the securities should be kept is a matter of proper administration and is quite unlike the supervision by this court of the discretion to be exercised by a trustee in the sale of the trust res, and reinvestment of the fund derived therefrom.

In Wilson, Mayor, v. Board of Directors of City Trusts et al., 324 Pa. 545, it was held that the proceed-

ings had been improperly brought in the common pleas court to require an accounting by the Board of City Trusts, and that exclusive jurisdiction existed in the orphans' court.

In Longbotham's Estate, 346 Pa. 94, certain real estate owned by the trust estate had been condemned as unsafe by municipal authorities, who served notice on trustees that extensive repairs must be made to the buildings or they would be razed. The trustee presented his petition to the orphans' court, in effect, for leave to make the necessary expenditures out of principal for the making of the required repairs. The desired authority was given and the decision of the Orphans' Court of Chester County was upheld by the Supreme Court. The decision of the Supreme Court refers to the case of Brock v. Pennsylvania Steel Co., 203 Pa. 249.

Petitioner there was trustee of the estate of George Dawson Coleman, deceased, an owner of a part interest in the Cornwall Ore Banks. The Pennsylvania Steel Company was the prospective purchaser thereof, and the county court of Lebanon entered a decree authorizing petitioner to join in the deed. The Supreme Court, on appeal, upheld the authority of the county court to make the decree in question. None of the cases, therefore, relied upon by petitioners, or other authority, supports the contention that the orphans' court may impose restrictions upon the exercise by the trustee of its discretion in the sale of the trust res.

Respecting the authority of this court to enlarge the power of the trustee in the investment of the trust estate, a recent decision of this court is Rebmann's Estate, 35 D. & C. 33. It is there held, in an opinion by Van Dusen, P. J., that this court is without authority under the Fiduciaries Act of June 7, 1917, P. L. 447, to give general instructions, but only to rule as to specific individual securities. It is further held that this court has no power to render an advisory opinion re-

specting the duty of a trustee generally in the making of investments, either in proceedings under the Uniform Declaratory Judgment Act of June 18, 1923, P. L. 840, or in proceedings under paragraph 49 (e) of the Fiduciaries Act, as amended, but is restricted to rule upon matters involved in actual existing controversies. On appeal to the Supreme Court, which is reported in 338 Pa. 120, the decision of this court was upheld.

The answer of respondent is a preliminary objection to the petition. The brief filed in support of the answer contains a careful and complete analysis of the facts and law. The first ground for dismissing the petition is that raised by the first paragraph of the trustee's preliminary objection, to the effect that all parties in interest are not represented. It is submitted that those who will take in remainder cannot be ascertained until the death of the present life tenant, because until that time there is a legal possibility of her having other children than the daughter, Elsie Foerderer. This objection would appear to be well founded, but we consider it advisable not to rest our decision upon that ground alone. Further grounds for dismissal of the petition are to the effect that any of the orders prayed for would compel the trustee to violate its duty in the exercise of its discretion, and that the trustee is without power to delegate the exercise of its discretion to another. The latter relates to the relief sought, that no sale should be made of real estate without the consent of the life tenant and remainderman. These are sufficient reasons for sustaining the preliminary objection. Our decision rests, as above recited, upon our lack of authority to enter a decree which is advisory in its nature, and to impose upon a trustee any restriction upon the exercise of its discretion in the management of the trust estate.

We realize that the real estate held by the trustee was acquired in foreclosure proceedings and is regarded as personal estate in accounting and distribu-

tion. The direction in the will as to the sale of "my real estate" does not, therefore, apply to the real estate so acquired.

As to the final relief sought, as above recited, we are without authority to enlarge the power of investment conferred upon the trustee by the terms of the will or by law.

The preliminary objections to the petition for citation are sustained.