## DiPasquale's Estate

*Alfonso Santangelo*, petitioner, p. p.
*Fox & McTighe*, for respondent.

KNIGHT, P. J., April 11, 1944.—Charles DiPasquale died August 1, 1942, leaving a will in which he appointed Alphonso Santangelo to be the executor of his estate, and letters testamentary were issued to Mr. Santangelo. The decedent was the insured in a policy of life insurance issued by the Colonial Life Insurance Company of America. By the terms of the policy the company agreed to pay upon the death of the insured the sum of $420 "to the executors or administrators of the insured", unless payment was made under the "facility of payment" clause of the policy, the provisions of which were, however, waived by the company in this case.

On January 14, 1943, petitioner filed a citation in the nature of a bill in equity in the Orphans' Court of Montgomery County, praying for a restraining order against Margaret Paskel, or Margaret Bowman, and the Colonial Life Insurance Company. Insofar as the life insurance company was concerned, the citation upon it was to show cause why it should not pay the

proceeds of the above policy to the executor, petitioner; and, further, as to Margaret Bowman, to show cause why she should not surrender and deliver to the life insurance company the above-mentioned policy.

Answers having been filed, a hearing was held in the orphans' court, which on June 4, 1943, handed down a decree which orders and directs, inter alia, as follows:

"In these circumstances the Colonial Life Insurance Company of America is directed to pay the fund in its hands under the stipulation of March 27, 1943, as follows: Unto Alphonso Santangelo, Executor of decedent, the sum of $350, and unto the Clerk of this Court, until further order of the Court, the sum of $70. and upon receipt of the acquittals of said Executor of decedent and Clerk of Court of their receiving such money, the said Insurance Company is discharged from further liability in this action without costs."

The insurance company did not comply with the above decree of the orphans' court, whereupon the executor filed a petition in the common pleas, praying for a citation or rule upon the company to show cause why the proceeds of the policy should not be paid as provided in the decree of the orphans' court.

The insurance company filed an answer admitting all of the facts, but contending that the rule should be discharged, first, because the decree of the orphans' court is not a final decree, and, second, because the common pleas has no jurisdiction in this matter.

We will not discuss the contention that the above decree of the orphans' court is not a final decree, for we are all of the opinion that, assuming the decree of the orphans' court is a final decree, the common pleas has no jurisdiction to grant the relief prayed for. We are firmly of the opinion that the orphans' court has ample powers to enforce its own decrees in cases in which the facts are as in this one, where personal property, and not real estate, is involved. See Orphans' Court Act of June 7, 1917, P. L. 363, secs. 9 (a), 9 (e), and 18 (d) ;

Black's Executor v. Black's Executors, 34 Pa. 354; Laverelle's Estate, 101 Pa. Superior Ct. 448; Frey, Executor, v. Long et al., Admrs., 8 D. & C. 121; Power v. Grogan, 232 Pa. 387; Williams' Estate, 236 Pa. 259; Shadt's Estate, 282 Pa. 523; 2 Remick, Orphans' Court Practice, sec. 300, p. 771.

It is argued that the orphans' court has no power to order Margaret Bowman to deliver the policy in question to the insurance company. We are of the opinion that such an order would come within its equity jurisdiction. See Laverelle's Estate, supra.

It is also an answer to this argument that the decree of the orphans' court which petitioner seeks to have us enforce contains no order on Margaret Bowman to deliver said policy. Even if this court had jurisdiction of this matter, we are of the opinion that the proceeding is informal and improper. In this court a rule is not original process: Short v. Board of the School District of Upper Moreland Twp., 108 Pa. Superior Ct. 503.

And now, April 11, 1944, the rule is discharged at the cost of petitioner.