J-A06037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: LLOYD D. NORRIS REVOCABLE TRUST FUND | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ROGER L. NORRIS | : : : : : : | |
| | : | No. 1072 WDA 2017 |

Appeal from the Order Entered September 24, 2015
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  No. 02-02-01744

BEFORE:  BENDER, P.J.E., BOWES, J., and SHOGAN, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 04, 2018**

Roger Norris ("Appellant") appeals from the order entered September 24, 2015, in the orphans' court of Allegheny County Court of Common Pleas.[1] We affirm.

Appellant is both trustee and beneficiary of the Lloyd D. Norris Revocable Trust ("the Trust").  Petition for Citation to Compel Accounting and

---

[1] We note that effective September 1, 2016, the former exception practice in place during the duration of this case was discontinued.  Pa.O.C.R. 8.1, Explanatory Comment.  Appellant's Notice of Appeal states that he appeals from the order of court dated June 29, 2017.  That order denied exceptions to the order dated September 24, 2015.  Under previous Orphans' Court Rules, exceptions were akin to post-trial motions.  *See* Pa.O.C.R. 7.1(g)(Exceptions shall be the exclusive procedure for review by the orphans' court of a final order, decree or adjudication).  Thus, the order from which Appellant's appeal properly lies is the order of September 24, 2015.  *In re Estate of Aiello*, 993 A.2d 283, 284 n.1 (Pa. Super. 2010).  We have changed the caption accordingly.

for Imposition of Surcharge in the Lloyd D. Norris Revocable Trust, Exhibit A, Revocable Deed of Trust, 2/24/99, at 1-16. Appellant's sons, Shawn and Noel Norris (collectively "the Sons"), are remainder beneficiaries upon the death of their father. *Id.* By order entered July 18, 2005, Appellant was directed to provide an annual accounting to the Sons. Response to Petition for Citation to Compel Accounting and for Imposition of Surcharge in the Lloyd D. Norris Revocable Trust and Motion to Compel, Exhibit, Order of Court, 7/18/05, at 1-3. On February 21, 2014, the Sons filed a "Petition for Citation to Compel Accounting and Imposition of Surcharge in the Lloyd D. Norris Revocable Trust." The orphans' court issued its findings of fact and conclusions of law on September 24, 2015, which provide as follows:

### A. Findings of Fact

1. Lloyd D. Norris, a widower, transferred certain property to a Revocable Deed of Trust dated February 24, 1999.

2. Lloyd D. Norris died December 12, 2001.

3. [Appellant] became the successor trustee and has remained in that capacity since that date.

4. At the time Lloyd D. Norris died, in addition to real estate, over $300,000 in mutual funds were in the trust.

5. On December 31, 2011, only $86,316.13 remained in the trust.

6. This matter is before the Court on [the Sons'] Petition for Citation to Compel Accounting and for Imposition of Surcharge.

7. By Order of Court dated March 24, 2015, [Appellant] was ordered to file accountings for 2012 and 2014.

8. According to the docket in this matter, no accounting was filed for 2013.

9. An inadequate account was filed on July 20, 2015, for the period from January 1, 2014 to December 31, 2014.

10. By Order of Court dated July 21, 2015, [Appellant] was ordered to file an amended accounting that complied with all Orphans' Court rules within 30 days from the date of the Order.

11. No such accounting has been filed for 2014.

12. By Order of Court dated July 21, 2015, [Appellant] was ordered to file proposed findings of facts and conclusions of law.

13. [Appellant] failed to do so.

14. [The Sons] filed proposed findings of facts and conclusions of law.

## B. Conclusions of Law

1. Pursuant to 28 Pa.C.S. §7712, this [c]ourt has personal jurisdiction over [Appellant].

2. Based on the deposition testimony of [Appellant] and documents of record, the Court finds that [Appellant] breached his fiduciary duty to the [T]rust and its remainder beneficiaries by converting trust assets to his own personal use without leave of [c]ourt, or consent of the remainder beneficiaries.

3. [Appellant] further failed to provide adequate documentation of expenses claimed.

4. [Appellant] has no records to support his expenditures from trust assets.

5. [Appellant] breached both his common-law fiduciary duty and statutory duty as trustee.

6. The [c]ourt further finds that [Appellant's] conduct was grossly negligent in the handling of the [T]rust and that [Appellant] has no justification for his actions.

Orphans' Court Findings of Fact, Conclusions of Law, and Order of Court,

9/24/15, at 1-2.

As a result, the orphans' court ordered the following:

1.     [Appellant] is surcharged $56,464.17.

2.     All income from the [T]rust that would otherwise be payable to [Appellant] shall be used to pay the surcharge imposed.

3.     [Appellant] is enjoined from utilizing any net proceeds from the sale of the trust real property located on 10th Ave. in the Borough of Brackenridge, Allegheny County, Pennsylvania.

4.     The net proceeds from the sale of said real estate is to be placed into an escrow account in the name of the [T]rust, with counsel for the parties being the respective signatories to that account.

5.     Counsel for the parties are to provide the [c]ourt with proof of deposit of said funds into an escrow account.

6.     [Appellant] is liable for the attorney fees incurred by [the Sons] in their pursuit of this surcharge due to his breach of fiduciary duty.

7.     Counsel for [the Sons] shall submit an itemized statement detailing the work performed and his hourly rate to the [c]ourt and serve same upon opposing counsel, within 20 days of the date of this Order.

8.     Counsel is to provide the [c]ourt with a proposed order of court awarding him attorney fees.

Orphans' Court Findings of Fact, Conclusions of Law, and Order of Court,

9/24/15, at 3.

On October 14, 2015, Appellant filed Exceptions to the orphans' court's

findings of fact and conclusions of law.  More than 120 days passed and the

orphans' court did not rule on Appellant's exceptions.[2] On June 22, 2017, the Sons filed a "Petition for Further Surcharge and Removal of Trustee." In their petition, the Sons asserted that: "the court did not rule on the exceptions for a period of time in excess of one hundred twenty (120) days, and [the Sons] have filed a request with the Department of Court Records, Orphans Court Division, to enter judgment upon the [c]ourt's September 24, 2015 Order." Petition for Further Surcharge and Removal of Trustee, 6/22/17, at ¶ 3.[3]

The orphans' court issued an order on June 29, 2017, wherein it denied Appellant's exceptions to the court's September 24, 2015 order.[4] Order, 6/29/17, at ¶ 6. On July 25, 2017, Appellant filed a timely appeal from the June 29, 2017 order denying the exceptions.[5] The orphans' court issued a

---

[2] Pa.O.C.R. 7.1(f) provided that if the orphans' court failed to rule on the exceptions within 120 days, the exceptions were deemed denied on the 121st day. Here, the 120th day was Thursday, February 11, 2016.

[3] In the petition, the Sons also maintained that Appellant violated the court's September 24, 2015 ruling and continued to breach his fiduciary duties. They also sought imposition of an additional surcharge. Petition for Further Surcharge and Removal of Trustee, 6/22/17, at ¶¶ 5-9. Those claims, however, are not relevant to the appeal before us.

[4] This order also directed the parties to make various filings and prohibited Appellant from using or dispersing any trust funds for any reason until further order of court. Order, 6/29/17 at ¶¶ 1-5, 7. We note that these directives are irrelevant to our consideration of the current appeal.

[5] Appellant could not file a notice of appeal until the orphans' court decided the exceptions. Pa.O.C.R. 7.1(a). The orphans' court was required to decide exceptions within 120 days of the filing of the exceptions. Pa.O.C.R. 7.1(f). If the court fails to do so, the exceptions shall be deemed denied by operation

letter dated August 11, 2017, stating: "Pursuant to 'Pa.R.A.P.' Rule 1925(a)(1), the place in the record where the reasons for entry of the order appealed can be found is the Findings of Fact, Conclusions of Law, and Order of Court filed on SEPTEMBER 24, 2015."

Appellant presents the following issues for our review:

(a) Whether [Appellant], in his capacity as Trustee, owes any duty to the remainder beneficiaries other than the requirement to provide an annual accounting as provided in the July 18, 2005 Order of Court.

(b) Should this Court determine that the answer to (a) is [Appellant] owes no other duty to the remainder beneficiaries, whether the trial [c]ourt erred in concluding that [Appellant] breached his fiduciary duty to the [T]rust and its remainder beneficiaries by converting trust assets to his own personal use without leave of [c]ourt, or consent of the remainder beneficiaries, failed to provide adequate documentation of the expenses claimed, had no records to support his expenditure from trust assets, breached his common-law fiduciary duty and statutory duty as trustee, and was grossly negligent in the handling of the [T]rust and that he had no justification for his actions.

Appellant's Brief at 3-4.

---

of law on the 121st day, and the clerk is directed to enter the deemed denial on the docket as of that date. *Id.* The appeal period shall begin to run as of the 121st day. *Id.*

Instantly, the clerk of the orphans' court did not enter the deemed denial order on the docket on the 121st day. The court entered an order denying Appellant's exceptions on June 29, 2017. Appellant filed his notice of appeal within 30 days of the order denying his exceptions. Pa.R.A.P. 903(a); *see also Estate of Keefauver*, 518 A.2d 1263, 1265 (Pa. Super. 1986) (holding appeal period not triggered until party is given proper notice of orphans' court's final decree). Thus, Appellant's July 25, 2017 notice of appeal is timely.

- 6 -

The standard for reviewing an orphan's court's findings is deferential.

The findings of a judge of the orphans' court division, sitting without a jury, must be accorded the same weight and effect as the verdict of a jury, and will not be reversed by an appellate court in the absence of an abuse of discretion or a lack of evidentiary support. This rule is particularly applicable to findings of fact which are predicated upon the credibility of the witnesses, whom the judge has had the opportunity to hear and observe, and upon the weight given to their testimony. In reviewing the Orphans' Court's findings, our task is to ensure that the record is free from legal error and to determine if the Orphans' Court's findings are supported by competent and adequate evidence and are not predicated upon capricious disbelief of competent and credible evidence.

When the trial court has come to a conclusion through the exercise of its discretion, the party complaining on appeal has a heavy burden. It is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused. A conclusion or judgment constitutes an abuse of discretion if it is so lacking in support as to be clearly erroneous.... If the lack of evidentiary support is apparent, reviewing tribunals have the power to draw their own inferences and make their own deductions from facts and conclusions of law. Nevertheless, we will not lightly find reversible error and will reverse an orphans' court decree only if the orphans' court applied an incorrect rule of law or reached its decision on the basis of factual conclusions unsupported by the record.

*In re Estate of Warden*, 2 A.3d 565, 571 (Pa. Super. 2010) (internal citation omitted).

In his first issue, Appellant argues that he owes no duty to the Sons other than the requirement to provide an annual accounting as directed in the

July 18, 2005 order. Appellant's Brief at 3. Appellant also asserts that Section 5.6 of the Trust sets forth specific obligations of the trustee to the beneficiaries. *Id.* at 9. Appellant maintains that Section 5.6 of the Trust obligates the trustee to provide an annual account to the beneficiaries. *Id.* Appellant claims that there is no provision in the Trust for any other duty or obligation to the remainder beneficiaries. *Id.* Furthermore, Appellant contends that "[t]he only individual in this matter who would have standing to make any objection is the beneficiary, being [Appellant]." *Id.*

"A trust is a fiduciary relationship with respect to property, subjecting the person by whom the title to the property is held to equitable duties to deal with the property for the benefit of another person...." *Estate of Warden*, 2 A.3d at 573. "The primary duty of a trustee is the preservation of the assets of the trust and the safety of the trust principal." *Id.* Additionally, the trustee has a duty to the beneficiary to act in his or her interest:

> In general, "[t]he trustee is under a duty to the beneficiary to administer the trust solely in the interest of the beneficiary." The rule prohibits both self-dealing and conflicts of interest. Thus, the trustee must neither 1) deal with trust property for the benefit of himself or third parties, nor 2) place himself in a position inconsistent with the interests of the trust.

*In re Paxson Trust*, 893 A.2d 99, 119 (Pa. Super. 2006). *See also* Duties of the Trustee, Restatement (Second) of Trusts (1959), §§ 169-185.

Moreover, "[w]hen there are two or more beneficiaries of a trust, the trustee is under a duty to deal impartially with them." Restatement (Second) of Trusts (1959) § 183. The comment to section 183 of the Restatement

explains that "[t]he rule stated in this Section is applicable whether the beneficiaries are entitled to interests in the trust property simultaneously or **successively**." Restatement (Second) of Trusts § 183, cmt. a (emphasis added).

Section 232 of the Restatement (Second) of Trusts addresses successive beneficiaries and provides: "If a trust is created for beneficiaries in succession, the trustee is under a duty to the successive beneficiaries to act with due regard to their respective interests." The comment to Section 232 provides additional directive:

> *b. Duty to each of successive beneficiaries.* If by the terms of a trust the trustee is directed to pay the income to a beneficiary during a designated period **and on the expiration of the period to pay the principal to another beneficiary**, the trustee is under a duty to the former beneficiary to take care not merely to preserve the trust property **but to make it productive so that a reasonable income will be available for him, and he is under a duty to the latter beneficiary to take care to preserve the trust property for him**.
>
> Although the trustee is not under a duty to the beneficiary entitled to the income to endanger the safety of the principal in order to produce a large income, he is under a duty to him not to sacrifice income for the purpose of increasing the value of the principal. Thus, the trustee is under a duty to a life beneficiary not to purchase or retain unproductive property or property which yields an income substantially lower than that which is normally earned by trust investments, although it is probable that the property will appreciate in value. See § 240.
>
> On the other hand, the trustee is under a duty to the beneficiary who is ultimately entitled to the principal not to purchase or retain property which is certain or likely to depreciate in value, although the property yields a large income, unless he makes adequate provision for amortizing the depreciation. See § 239.

\* \* \*

**The rule stated in this Section is applicable whether the designated period for which the income is to be paid to a beneficiary is a period of uncertain duration, such as the life of the beneficiary, or a fixed period, such as a term for years**.

Restatement (Second) of Trusts § 232 (1959), cmt. b-d (emphases added).

Indeed, our Supreme Court has stated the following in applying Restatement Sections 183 and 232:

The Restatement of Trusts succinctly states a cardinal principle of trust law which expresses the law of Pennsylvania: "When there are two or more beneficiaries of a trust, the trustee is under a duty to deal impartially with them." Restatement (Second) of Trusts § 183 (1959). *See Neafie's Estate*, 325 Pa. 561, 191 A. 56 (1937); *Thompson's Estate*, 262 Pa. 278, 281, 105 A. 273 (1918) ("A trustee has no right to take sides as between the life tenants and remaindermen"). *See also Longbotham's Estate*, 346 Pa. 94, 29 A.2d 481 (1943). The same rule applies where the beneficiaries are successive, and occupy the positions of income beneficiary and remainderman. Restatement (Second) of Trusts § 23[2].

*In re Estate of Weiss*, 309 A.2d 793, 799–800 (Pa. 1973). *See also Estate of Sewell*, 409 A.2d 401, 402 (Pa. 1979) (quoting Restatement (Second) of Trusts § 183 (1959)) ("It is axiomatic that '(w)hen there are two or more beneficiaries of a trust, the trustee is under a duty to deal impartially with them.'"); *Trusts of Holdeen*, 403 A.2d 978, 980 n.5 (Pa. 1979) ("A trustee has no right to take sides as between the life tenants and remaindermen."); *In re Scheidmantel*, 868 A.2d 464, 489 (Pa. Super. 2005) (internal citation omitted) ("A trustee always must balance the income rights of life tenants against the rights of remaindermen. In seeking this balance, a trustee's

primary duty is to preserve the assets of the trust and to ensure the safety of the trust principal.").

Furthermore,

if the trustee commits a breach of trust, he is chargeable with (a) any loss or depreciation in value of the trust estate resulting from the breach of trust; or (b) any profit made by him through the breach of trust; or (c) any profit which would have accrued to the trust estate if there had been no breach of trust.

*Dentler Family Trust*, 873 A.2d 738, 745 (Pa. Super. 2005) (quoting Restatement (Second) of Trusts § 205).

In the matter before us, Appellant is a lifetime beneficiary. Trust, 2/24/99, at ¶ 4.4(2). The Sons are the remainder beneficiaries to the Trust. *Id.* Thus, as trustee, Appellant is responsible for properly managing the Trust for the benefit of all beneficiaries, and must treat all beneficiaries impartially. As noted above, this duty is applicable whether the beneficiaries are entitled to interests in the Trust property simultaneously or successively. Restatement (Second) of Trusts § 183, cmt. Thus, as trustee, Appellant is required to balance the income rights of life tenants against the rights of remaindermen. *In re Scheidmantel*, 868 A.2d at 489. Accordingly, Appellant owed all duties of a trustee to the Sons in their capacity as remainder beneficiaries. Thus, the orphans' court did not abuse its discretion in concluding that Appellant owed the duties of a trustee to the Sons and had indeed breached those duties.

We further note that Appellant's claim that he, as beneficiary, is the only individual who has standing to make any objection is incorrect as is made

clear from the principles of law stated above. As explained, all beneficiaries are to be treated impartially. Appellant is the trustee as well as **a** beneficiary under the Trust. All duties of a trustee owing to beneficiaries are owed to **all** beneficiaries, including the Sons as remaindermen. Moreover, Restatement (Second) of Trusts § 214(1) provides: "If there are several beneficiaries of a trust, any beneficiary can maintain a suit against the trustee to enforce the duties of the trustee to him or to enjoin or obtain redress for a breach of the trustee's duties to him." The comment to this Section instructs that "[t]he rule stated in this Section is applicable where property is held in trust for several beneficiaries as tenants in common or joint tenants **or in succession**. It is applicable to beneficiaries who have vested **or contingent interests**." Restatement (Second) of Trusts § 214, cmt. (a) (emphases added). Thus, all beneficiaries under the Trust would have standing to object to any breach by the trustee, including the Sons. Additionally, simply because the Trust specifically outlines the duty to provide an accounting to the beneficiaries, such determination does not relieve Appellant as trustee of his duties to responsibly manage the Trust in accordance with the best interests of all beneficiaries. Appellant's claim fails.[6]

Order affirmed.

---

[6] We note that Appellant's second issue is crafted in a manner as to compel our consideration only if we determined in his first issue that Appellant owed no duty other than an annual accounting to the Sons as remainder beneficiaries. Due to our determination that Appellant's many duties as trustee were owed to the Sons, we need not address Appellant's second issue.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/4/2018